George Mikeal BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 1187–90.

Court of Criminal Appeals of Texas, En Banc.

Nov. 20, 1991.

Lawrence B. Mitchell (on appeal only), Dallas, for appellant.

John Vance, Dist. Atty., Karen R. Wise, Yolanda M. Joosten, Allison Blair and Bruce Isaacks, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

BENAVIDES, Judge.

Appellant was convicted of arson and his punishment assessed at confinement in the penitentiary for a period of thirty-five years. The Court of Appeals affirmed. *Brown v. State*, 800 S.W.2d 569 (Tex. App.—Dallas 1990). We granted appellant's petition for discretionary review to decide whether a violation of Article 28.-10(b), V.A.C.C.P. is subject on appeal to a harm analysis under Tex.R.App.Pro. 81(b)(2). We hold that it is not.

The indictment in this cause alleged "Yolander Evette Weeks" as owner of the habitation in question. The proof at trial showed the owner's first name actually to be "Yolanda." When the State closed its case-in-chief, appellant moved for an instructed verdict of not guilty "based on the misspelling of the complaining witness' name." The trial judge denied the motion, stating that he would instruct the jury on the disparity, presumably under the law of *idem sonans*. But after the defense presented its case, the State made an oral motion to strike the word "Yolander" from the indictment as surplusage.* Over appellant's objection, the trial judge granted this motion and subsequently delivered a charge to the jury, giving the alleged owner's name as "Evette Weeks" and omitting any instruction on the law of *idem sonans*.

In addressing appellant's first point of error, the Court of Appeals "assume[d], without deciding," that the trial judge erred by permitting the indictment to be amended after trial began. Although the Court did not cite Article 28.10(b), we believe it "assumed" error under this statute, since appellant expressly relied on that provision as the basis of his claim on appeal. The Court then undertook a harm analysis pursuant to Rule 81(b)(2) and concluded that the error made no contribution to the verdict.

We recently confronted a similar situation in *Hillin v. State*, 808 S.W.2d 486 (Tex.Crim.App.1991). There, over defendant's objection, the trial court permitted amendment of an aggravated assault indictment after the commencement of trial so as to change the manner or means by which injury was allegedly caused. We held this to be a violation of Article 28.-10(b), and that it was not subject to the implied "substantial rights" exception set out in Article 28.10(c). Although we did not separately address applicability of Rule 81(b)(2) as an alternative harmless error analysis, the clear import of our holding in *Hillin* was that the requisites of Article 28.10(b), which inferentially prohibit trial amendments over objection, are absolute.

Since then, we have delivered two more opinions construing Article 28.10 which, in our view, fatally undermine the Dallas Court's holding in the instant cause. In *Sodipo v. State*, 815 S.W.2d 551 (Tex.Crim. App.1991) (opinion on rehearing), we decided that the amendment of an indictment on the day of trial, even if prior to the commencement of jury selection, constitutes reversible error which "should not be subjected to a harm analysis" on appeal. 815 S.W.2d at 556. Although not expressly covered by any subdivision of Art. 28.10, we held that amendment at such time was necessarily objectionable "in order to give effect to the full meaning and intent of Article 28.10[.]" 815 S.W.2d at 556.

Again, in *Beebe v. State*, 811 S.W.2d 604 (Tex.Crim.App.1991), we held that the amendment of an indictment prior to the date of trial absolutely entitles the affected defendant to ten more days of trial preparation under Article 28.10(a). Quoting *Sodipo* (opinion on original submission, delivered September 12, 1990), we held that the statutory requirement in question "cannot be subjected to a harm analysis in any meaningful manner, because the record will not reveal any concrete data from which an appellate court can meaningfully

---

* On remand, it might be well for the Court of Appeals to consider, if adequately briefed, whether the word "Yolander" was, indeed, surplusage and, if so, whether the removal of surplusage from an indictment constitutes an amendment within the meaning of Article 28.10, V.A.C.C.P.

gauge or quantify the effect of the error." *Sodipo*, at 554.

The instant cause presents a question which is governed, not by subdivision (a) of Article 28.10 or by an implication necessary to fill the gaps in Article 28.10 as a whole, but, as in *Hillin*, by Article 28.10(b). This subdivision provides in its entirety that "[a] matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object." It is undisputed that the amendment in this case, if it was one, happened after the commencement of trial and over the appellant's objection.

We see no persuasive reason, nor has any been suggested, to hold that a violation of Article 28.10(b) should be made subject to a Rule 81(b)(2) harm analysis on appeal, while the violation of Article 28.10(a), and other requirements implicit in Article 28.10 as a whole, are not subjected to such an analysis. Rather, we think that *Hillin*, *Sodipo* and *Beebe*, in the aggregate, stand unmistakably for the proposition that no breach of Article 28.10 should be tolerated in the trial court, regardless of its probable effect on the outcome of trial, and that no speculation about the impact of such an error under Rule 81(b)(2) should be attempted on appeal. These recent precedents, delivered in the case of *Sodipo* and *Beebe* without a single dissenting vote, plainly control disposition of the question presented here.

Accordingly, the judgment of the Court of Appeals is reversed and remanded to the Court of Appeals for their reconsideration of appellant's point of error number one.

BAIRD, J., dissents.