Charles Lee **STRICKLAND**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–099–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 20, 1992.

Rehearing Overruled March 19, 1992.

Juan Jose Martinez, Brownsville, for appellant.

Luis V. Saenz, County Atty., Crim. Dist., John A. Olson, Asst. County Atty., Brownsville, for the State.

Before NYE, C.J., and GERALD T. BISSETT[1] and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GERALD T. BISSETT, Assigned Justice.

Appellant pleaded "not guilty" to the offense of aggravated robbery and went to trial. After the jury heard evidence and both sides closed, appellant and the State reached an agreement that he would plead guilty before the court but reserve his right to have the jury assess punishment. The jury, finding that appellant had two prior felony convictions, assessed punishment at life in prison. We find merit in appellant's fourth point of error, reverse the judgment, and remand the cause to the trial court.

In point four, appellant contends that the trial court erred in allowing the State to amend the indictment. After the parties presented evidence to the jury but before appellant pleaded guilty, the State moved to amend one of the enhancement paragraph cause numbers. The prosecutor told the court that one of the enhancement paragraphs incorrectly alleged the cause number of the first prior conviction as "70–CR–249–B" instead of "79–CR–249–B." The trial court granted the State's motion to amend the paragraph over appellant's objection.

The Code of Criminal Procedure specifically sets forth the circumstances under which an indictment may be amended. Tex.Code Crim.Proc.Ann. art. 28.10 (Vernon 1989) provides, in relevant part:

(a) After notice to the defendant, a matter of form or substance in *an indictment or information may be amended at any time before the date the trial on the merits commences.* On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defen-

dant, to respond to the amended indictment or information.

(b) *A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.* (emphasis ours).

In *Sopido v. State,* 815 S.W.2d 551, 555–56 (Tex.Crim.App.1990), the Court of Criminal Appeals held that reversible error occurred when the trial court, over the defendant's objection, permitted the State to amend an enhancement paragraph cause number from 427424 to 427427 on the day of but before trial. The Court stated:

We therefore hold that the State was not permitted to amend the instant indictment on the date of trial prior to trial on the merits commencing. Therefore, in light of our interpretation of Article 28.-10, we conclude that the trial court, when faced with the State's motion to amend, should have denied the motion. Since the trial court did not, error was committed.

We conclude that in order to give effect to the full meaning and intent of Article 28.10, which is written with clarity and is not ambiguous, the error complained of in the instant case, i.e., that the State should not be permitted to amend a charging instrument on the day of trial prior to commencing trial on the merits over defendant's objection, should not be subjected to a harm analysis.

Recently, the Court of Criminal Appeals has held that "no breach of Article 28.10 should be tolerated in the trial court, regardless of its probable effect on the outcome of trial, and that no speculation about the impact of such an error under Rule 81(b)(2) should be attempted on appeal." *Brown v. State,* 828 S.W.2d 762, 764 (Tex. Crim.App.1991). The error in *Brown* occurred after trial began, when the trial court over appellant's objection permitted the State to amend the indictment by

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.

Gov't Code Ann. § 74.003 (Vernon 1988).

changing the name of the alleged owner from "Yolander" to "Yolanda."

In the present case, the trial court permitted the State to amend the indictment on the day of trial over appellant's objection. Under *Sopido* and *Brown,* the trial court erred in permitting the State to amend at that time. The error is not subject to a harmless error analysis. Appellant's fourth point of error is sustained.

We also note that while appellant does not raise a point of error challenging the trial court's charge which permitted the jury to punish him as a habitual felony offender, the indictment did not allege that appellant's punishment could be so enhanced and the charge incorrectly instructed the jury on this matter. Appellant's first prior felony conviction was not final at the time the second prior felony was committed. Under Tex.Penal Code Ann. § 12.-42(d) (Vernon Supp.1992), appellant should not have been exposed to the habitual felony punishment range.

The judgment of the trial court is reversed, and the cause is remanded to the trial court.