**Daniel Joe EASTEP, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–94–00674–CR.

Court of Appeals of Texas,
Dallas.

Jan. 18, 1996.

Discretionary Review Granted May 8, 1996.

Martin LeNoir, Dallas, for appellant.

Sue Korioth, Assistant District Attorney, Dallas, Patricia Poppoff Noble, Assistant District Attorney, Dallas, for State.

Before KINKEADE, OVARD and MALONEY, JJ.

## OPINION

KINKEADE, Justice.

Daniel Joe Eastep appeals his conviction of theft of property valued at $20,000 or more. A jury assessed punishment at five years of confinement in the state penitentiary and a fine of $10,000. In three points of error, Eastep contends the trial court erred by: (1) denying his motion to quash the indictment that was amended without prior notice to him; (2) not granting a mistrial because of improper prosecutorial jury argument; and (3) excluding a requested jury instruction on accomplice testimony. For the reasons set forth below, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

From 1988 to 1990 Daniel Joe Eastep stole more than $20,000 through checks from the company where he worked as a sales manager. The company's controller, Larry Hoth, signed many of the checks, relying on Eastep's assurances that the money was to pay for equipment the company was purchasing. About a month and a half before trial, the trial court amended Eastep's indictment by deleting appropriations that occurred outside the statute of limitations period. Eastep did not receive notice of the proposed amendment before it was made. A jury convicted Eastep of theft of property valued at $20,000 or more and assessed punishment at five years of confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine.

## AMENDED INDICTMENT

In his first point of error, Eastep argues the trial court erred in denying his motion to quash the indictment because it was amended without prior notice to him in violation of article 28.10(a) of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 28.10(a) (Vernon 1989). The first sentence of article 28.10(a) provides that after notice to the defendant, an indictment may be amended at any time prior to the date the trial commences. *Id.* The second sentence of article 28.10(a) states that, upon the defen-

dant's request, a trial court shall grant him at least ten days (unless the defendant requests fewer days) to respond to the amended indictment. *Id.*

Eastep relies on *Brown v. State,* 828 S.W.2d 762 (Tex.Crim.App.1991) for the proposition that any violation of article 28.10 is not subject to a harm analysis on appeal. Although there is *dicta* in *Brown* that supports Eastep's contention, it is not controlling in this case. In *Brown,* the court of criminal appeals held that violations of article 28.10(b), which pertains to indictment amendments made after trial begins, are not subject to a harm analysis on appeal. *Id.* at 763. In ·its reasoning, the court relied on two earlier cases in which it had held there would be no harm analysis of article 28.10 violations. *Id.* at 763–64 (citing *Beebe v. State,* 811 S.W.2d 604 (Tex.Crim.App.1991) and *Sodipo v. State,* 815 S.W.2d 551 (Tex.Crim.App. 1991) (op. on reh'g)). The issue in both of the earlier cases was whether the defendants had received ten days to prepare for trial after the indictments had been amended, as required by article 28.10(a), not whether article 28.10(a)'s requirement of prior notice of an amendment had been satisfied. *Beebe,* 811 S.W.2d at 606; *Sodipo,* 815 S.W.2d at 555–56. Again in *Brown,* the court did not address the issue of late notice under article 28.10(a). Instead, the court focused on the absolute nature of a defendant's right to ten days of trial preparation after an indictment amendment under article 28.10(b). *Brown,* 828 S.W.2d at 763. Whether to apply a harm analysis to article 28.10(a) notice violations was not at issue in *Brown, Beebe,* or *Sodipo.* Therefore, we conclude the court of criminal appeals did not overrule the harm analysis of the article 28.10(a) notice violation in *Cuesta v. State,* 763 S.W.2d 547, 556 (Tex.App.— Amarillo 1988, no pet.).

■ Eastep complains he did not receive notice that the trial court was going to amend the indictment until after the trial court actually made the amendment. He does not argue that he was denied ten days to respond to the amended indictment or prepare for trial after the indictment was amended. In fact, he admits that he did not move to quash the amended indictment until more than thirty days after the amendment was made. Because Eastep complains only that he did not receive notice *before the trial court amended the indictment* and does not argue that he was denied ten days *after the amendment* to prepare for trial, we will apply a harm analysis.

■ Although it was error for the court to amend the indictment without prior notice to Eastep, we conclude this error was harmless. We focus on harm caused by the lack of prior notice, not by the amendment itself. *Accord Cuesta,* 763 S.W.2d at 556. Eastep argues that failure to receive prior notice prevented him from raising an objection to the amendment. He stated on the record that he would have objected on the basis that deleting some of the appropriations resulted in a different offense than that charged in the original indictment.

The indictment originally charged Eastep with theft in the aggregate of at least $20,000 by one scheme and continuing course of conduct. After the amendment, the aggregate amount of appropriations remained over $20,-000 and the charged offense remained the same. For that reason, the trial court correctly concluded that the amendment did not result in a charge of a different offense.

Assuming, without deciding, that the trial court erred in denying Eastep's motion to quash the indictment, the error was harmless. Because Eastep was given the opportunity to object to the substance of the amendment and obtain a ruling on that objection, we conclude beyond a reasonable doubt that the State's failure to give notice before the amendment did not contribute to Eastep's conviction or punishment. *See* TEX.R.APP.P. 81(b)(2). We overrule Eastep's first point of error.

## JURY ARGUMENT

In his second point of error, Eastep contends the trial court erred in not granting a mistrial because of improper jury argument during the punishment phase. Eastep claims the prosecutor commented on Eastep's failure to testify when he said a problem in our society is that "no one will stand up and take responsibility for their own actions." Eastep

argues the statement related to his remorse or contrition, to which only he could testify.

To be considered a comment on Eastep's failure to testify, it is not enough that the jury might have inferred the prosecutor alluded to Eastep's failure to testify; the language used must make the inference necessary. *Swallow v. State,* 829 S.W.2d 223, 225 (Tex.Crim.App.1992); *Dickinson v. State,* 685 S.W.2d 320, 323 (Tex.Crim.App. 1984). We do not agree that the reference to responsibility necessarily equated with remorse or contrition. The prosecutor made the statement in response to Eastep's argument for compassion and probation. The jury could have inferred it was a response to Eastep's assertions that someone else was an accomplice to the theft or that it was a plea for law enforcement. Examining the argument in light of the entire record, we conclude the statement was not manifestly intended to be, or of such character that the jury would naturally and necessarily take it to be, a comment on Eastep's failure to testify. *See Hernandez v. State,* 819 S.W.2d 806, 820 (Tex.Crim.App.1991), *cert. denied,* 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992); *Dickinson,* 685 S.W.2d at 323.

Even assuming, *arguendo,* that the statement was a comment on Eastep's failure to testify, we conclude it was not reversible error, because the statement was not extreme or manifestly improper and did not inject new and harmful facts into the case or violate a mandatory statutory provision, making it so inflammatory that the instructions to disregard could not cure its prejudicial effect. *See Long v. State,* 823 S.W.2d 259, 267 (Tex.Crim.App.1991), *cert. denied,* 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992); *Hernandez,* 819 S.W.2d at 820; *Sauceda v. State,* 859 S.W.2d 469, 474 (Tex. App.—Dallas 1993, pet. ref'd). We overrule Eastep's second point of error.

### JURY INSTRUCTION ON ACCOMPLICE TESTIMONY

In his third point of error, Eastep argues the trial court erred by excluding a jury instruction on accomplice testimony that referred to the company's controller, Larry Hoth.

An accomplice witness is someone who participated with another before, during, or after committing a crime. *Russell v. State,* 598 S.W.2d 238, 249 (Tex.Crim.App.), *cert. denied,* 449 U.S. 1003, 101 S.Ct. 544, 66 L.Ed.2d 300 (1980); *Villarreal v. State,* 576 S.W.2d 51, 56 (Tex.Crim.App.1978), *cert. denied,* 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979). Someone is not an accomplice witness if he cannot be prosecuted for the offense with which the accused is charged. *Russell,* 598 S.W.2d at 249; *Villarreal,* 576 S.W.2d at 56. Further, someone is not deemed an accomplice witness because he knew of the crime but failed to disclose it or even concealed it. *Russell,* 598 S.W.2d at 249; *Villarreal,* 576 S.W.2d at 56.

Eastep claims Hoth was an active participant in the theft because he signed many of the checks involved in the crime and "had to have known what was going on." The record in this case does not reflect any affirmative act on Hoth's part to assist in or encourage the theft, nor any showing that he participated in planning or promoting the offense. *See Russell,* 598 S.W.2d at 250. Rather, the record reveals that Hoth trusted Eastep, who fooled him, and that Hoth was not aware of the theft scheme. We conclude the trial court did not err in refusing the requested jury instruction because there was no evidence to show Hoth was an accomplice. We overrule Eastep's third point of error.

We affirm the trial court's judgment.