In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00246-CR


______________________________




DANA COMSTOCK TAYLOR, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Sixth Judicial District Court


Lamar County, Texas


Trial Court No. 21492




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 There is no dispute that Dana Comstock Taylor--previously convicted in 1994 for causing
the sexual performance of a child under Section 43.25 of the Texas Penal Code--failed to report to
local law enforcement officials a change in her living address, as is required by law. The issues in
this appeal revolve around what have been called "technical" errors the State made in citing to the
applicable law in both Taylor's indictment and the notice of intent to enhance her sentence.

 At the end of March 2006, Taylor was evicted from the Paris, Texas, apartment she had
shared with her husband, Lester. (1) She did not inform law enforcement authorities of her move, either
before or after it occurred. On April 5, 2006, another landlord rented an apartment to Taylor and
gave her a key the next day. After Taylor's move, law enforcement officials were informed by some
unknown person that Taylor had moved to a different location in Paris. Officials discovered Taylor's
new address May 11, 2006, and contacted Taylor. The State then obtained an indictment alleging
that Taylor, a registered sex offender, had failed to provide law enforcement with her "anticipated
move date and new address not later than seven days before her intended change of address." 

 Taylor was convicted by a jury of the failure to timely report her living address with local law
enforcement authorities. The trial court sentenced her to six years' imprisonment.

 On appeal, Taylor argues that the multiple mistakes made by the State in the indictment, as
well as in the notice of intent to use a prior conviction to enhance her sentence, prevented her from
having adequate notice, and thus entitled her to a new trial. Taylor contends that, because the State's
indictment referred to the wrong version of the sexual-offender-registration law, the trial court
applied the wrong range of punishment when sending her to prison. Taylor also contends that the
State's notice of intent to use a prior conviction to enhance her punishment range was inadequate
because it directed her attention to the wrong statute, not the one the State ultimately used at trial,
and thus the State did not give her notice of the punishment level it sought to impose on her. 
Because of this, Taylor argues, the State violated her federal and state constitutional rights to
procedural due process of law.

 We modify the trial court's judgment and then affirm it as modified based on three holdings:
(1) the indictment error was unpreserved and not fundamental, (2) the erroneous notice of intent to
enhance sentence did not deny Taylor sufficient notice, and yet (3) the judgment must be modified
to correct various erroneous recitations.

(1) The Indictment Error Was Unpreserved and Not Fundamental

 The indictment references Taylor's failure to register or maintain registration under Articles
62.10 and 62.12(a) of the Texas Code of Criminal Procedure. Though the indictment was issued
June 15, 2006, Chapter 62 of the Texas Code of Criminal Procedure had been substantially revised
in 2005. In that revision, Article 62.10, the article defining the offense, had been renumbered as
Article 62.102 and amended; and Article 62.12, the article defining when Taylor's duty to register
was to expire, had been deleted and replaced by a new Article 62.101.

 The law requires one who must register as a sex offender who "intends to change [residence]
address" to report in person to his or her current reporting officials the change of address not less
than seven days before the move. See Tex. Code Crim. Proc. Ann. art. 62.055(a) (Vernon 2006). 
The same section requires such a person who "changes [residence] address" to report that change in
person to local law enforcement authorities in his or her new location within seven days after making
that move or as soon as allowed to do so by those authorities. See id.

 Article 62.102 not only sets out the offense, it also establishes the degree of the offense,
depending on when the registrant's duty to register is to expire. The indictment alleges that Taylor's
duty was to expire under Article 62.12(a), which provides that the duty expires only on her death. (2)

 The State recognized the problems with the indictment, and filed a motion to amend, which
the trial court granted. However, no one ever actually amended the indictment.

 An accused must be informed of the nature and cause of the accusation against him or her
on the face of a charging instrument. Voelkel v. State, 501 S.W.2d 313, 315 (Tex. Crim. App. 1973);
see Tex. Const. art. I, § 10. An indictment is effectively amended when a physical change is
actually made to the charging instrument. Ward v. State, 829 S.W.2d 787 (Tex. Crim. App. 1992). 
Such a change actually affects the substance of the charge against the accused. Violations of Article
28.10 are not subject to a harm analysis, and no breach of the statute will be tolerated. Eastep v.
State, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997); Brown v. State, 828 S.W.2d 762 (Tex. Crim.
App. 1991).

 The court has expanded that notion to conclude that physical interlineation on the original
indictment is acceptable but is not the exclusive means of effecting an amendment to the indictment. 
For example, the State may proffer, for the trial court's approval, an amended version of a photocopy
of the original indictment, which if approved should then be incorporated into the record at the
direction of the court under Article 28.11 with the knowledge and affirmative assent of the defense. 
The photocopy then becomes the "official" indictment in the case. Riney v. State, 28 S.W.3d 561,
565-66 (Tex. Crim. App. 2000).

 In this case, the indictment was simply not amended. There is no authority suggesting that
merely granting a motion allowing an amendment suffices, and we will not expand that concept
further. There is no physical change either to the original or a photocopy of the original indictment,
thus no amendment. That alone, however, is not dispositive. Taylor also did not object to the
indictment as written.

 Substance exceptions must be raised pretrial or otherwise the accused has forfeited his or her
right  to  raise  the  objection  on  appeal  or  by  collateral  attack.  See  Tex.  Code  Crim.  Proc.
Ann. art. 1.14(b) (Vernon 2005). Omitting an element from an indictment is a defect of substance
in an indictment, but the indictment is still an indictment despite the omission of that element. 
Studer v. State, 799 S.W.2d 263, 268-71 (Tex. Crim. App. 1990). Because Taylor failed to object
to the allegedly defective indictment before trial, she may not raise the issue on appeal. See
Salahud-Din v. State, 206 S.W.3d 203, 212 (Tex. App.--Corpus Christi 2006, pet. ref'd). Thus, the
complaint about the indictment is not preserved for our review, unless some other concept of law
intervenes to allow our review.

 The concept of "fundamental error" remains viable in certain, rare situations even though not
preserved at trial. Those are errors that undermine the basic fairness of the criminal trial, and include
errors that qualify as being structural federal constitutional violations. See Rey v. State, 897 S.W.2d
333, 344 (Tex. Crim. App. 1995). (3)

 Fundamental error exists where charging instruments are so absolutely vague or indefinite
that they fail to identify an offense or name an accused. Duron v. State, 956 S.W.2d 547 (Tex. Crim.
App. 1997); Cook v. State, 902 S.W.2d 471 (Tex. Crim. App. 1995). See discussion, Tex. Crim.
Prac. Guide, 4.90-08[5][g] (2007). 

 We have neither situation in this case. The charging instrument identifies the defendant
accurately and also identifies the offense, albeit referring to the wrong statute number. Because it
is possible to determine the nature of the alleged offense from the face of the charging instrument,
the error here is not fundamental. Therefore, by failing to timely object or otherwise complain to the
trial court, Taylor has failed to preserve the error for our review. We overrule this contention of
error.

(2) The Erroneous Notice of Intent to Enhance Sentence Did Not Deny Taylor Sufficient Notice

 Taylor next contends that the State's notice of intent to enhance her punishment was
constitutionally inadequate because it incorrectly cited the applicable statute allowing the sentence
enhancement the State sought and received here.

 Taylor concedes that the State gave notice of its intent to enhance her punishment but argues
that the notice was constitutionally inadequate because it did not inform Taylor of the degree to
which the State intended to enhance her punishment. The notice of intent to enhance is found not
in the indictment, but in a document titled "Notice of Intent to Seek Enhanced Sentence as a Repeat
Offender" which the State filed five months after the indictment and one month before trial. In the
heading, and three times in the body, the notice informed Taylor that the State intended to enhance
as a repeat offender pursuant to Section 12.42(b) of the Texas Penal Code. The notice states that the
range of punishment for the offense as alleged is from two to ten years, with an optional fine, and
that the repeat offender enhancement provision found at Section 12.42(b) of the Texas Penal Code
increases the range to two to twenty years and an optional fine.

 The statute the State cited does not provide that punishment. At a minimum, the State's error
makes this notice confusing. The description of the range of punishment is the correct one for a
third-degree felony, enhanced to a second-degree range of punishment--all as defined in Section
12.42(a)(3) of the Texas Penal Code. See Tex. Penal Code Ann. § 12.42(a)(3) (Vernon Supp.
2007). Section 12.42(a)(3) covers the facts of this case, a state-jail felony enhanced with one prior
felony conviction. That describes the substantive facts of this case and under the statute which
criminalizes Taylor's activities.

 That said, the State again referenced the wrong statute. It declared in the notice that the
enhancement was under Section 12.42(b), which applies to second-degree felonies enhanced to first-degree felony punishment.

 Although the notice was obviously ambiguous, it did make clear that Taylor was facing
enhanced punishment. Beyond that, she pled true to the enhancement allegations. The notice
complaint is not that she was unaware that she faced enhanced punishment, it is that she did not have
clear notice of the possible range of punishment resulting from the enhancement.

 We have previously acknowledged that notice of intent to enhance is constitutionally
adequate when given late in the proceeding--in the absence of any defense to the allegations or any
suggestion that a continuance was necessary to allow a defense to be discovered or prepared. See
Mayfield v. State, 219 S.W.3d 538 (Tex. App.--Texarkana 2007, no pet.). 

 This situation is different. Taylor was aware that the State intended to enhance, but argues
that she was not warned of the potential scope of the enhancement. Were this a guilty plea with a
plea agreement in place, and voluntariness of the plea were in issue, a different situation might exist. 
In this case, however, it is not apparent that--even assuming that Taylor misunderstood the scope
of the enhanced punishment--the mistake makes any difference. The critical matter from Taylor's
viewpoint under these facts is whether she could muster a defense to the prior convictions that would
be used to enhance her punishment. The mistake, suggesting a higher rather than a lesser
punishment, would if anything create more of an incentive for her to find a way to avoid its
application.

 Although not articulated by counsel, there is an argument that this issue was not preserved
for our review. Taylor never raised any objections at trial or in post-trial motions to the trial court
alleging that the State failed to comply with the notice requirements. To the extent error existed, it
is arguable that she waived it. See Tex. R. App. P. 33.1(a); Pena v. State, 191 S.W.3d 133, 145 (Tex.
Crim. App. 2006); Callison v. State, 218 S.W.3d 822, 826 (Tex. App.--Beaumont 2007, no pet.) (no
preservation); cf. Fairrow v. State, 112 S.W.3d 288, 293 (Tex. App.--Dallas 2003, no pet.)
(preserved by motion for new trial); Ketchum v. State, 199 S.W.3d 581, 593 (Tex. App.--Corpus
Christi 2006, pet. ref'd).

 However, even if we conclude that the error is sufficiently preserved, the record does not
suggest that Taylor's defense was impaired by the notice she received of the State's intent to enhance
her punishment. After discovering the error, Taylor made no objection and pled true to the
enhancement allegation. See Villescas v. State, 189 S.W.3d 290, 294-95 (Tex. Crim. App. 2006). 
She did not request any additional time to prepare her defense. Further, she did not complain of
surprise or assert that she was unprepared to contest the enhancement allegation. After considering
these facts and circumstances, we conclude that Taylor was not denied her due-process right to
sufficient notice of the State's enhancement claim. See Callison, 218 S.W.3d at 825.

(3) The Judgment Must Be Modified to Correct Various Erroneous Recitations

 Taylor finally argues that she should have been convicted and sentenced, as enhanced, for 
a third-degree felony under Article 62.102, rather than the "second degree" felony referenced by the
judgment. We agree.

 The judgment is wrong, as is the indictment, only the judgment added another layer of error. 
It says, incorrectly, that Taylor was sentenced to a second-degree felony under the wrong (old 
Article 62.10) statute and that there were no enhancements. The current statute (Article
62.102(b)(2)) provides that Taylor's offense is a felony of the third degree, and that third-degree
felony was enhanced to the level of a second-degree felony based on the enhancements under the
generic Texas Penal Code enhancement provisions. From this record, it appears that the correct
range of punishment was used. The explanation of how the trial court arrived at that range of
punishment is incorrect. 

 We modify the judgment to reflect that Taylor was convicted of a third-degree felony, which
was enhanced to a second-degree felony, based on her pleas of "true" to enhancement allegations.

 As modified, the judgment of the trial court is affirmed.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 1, 2007

Date Decided: November 14, 2007


Do Not Publish
1. Lester was, at that time, in a Veterans' Administration hospital.
2. Though the parties did not raise a substantive question about the appropriate level of offense
in this case, we confess to having been confused about it. Taylor's underlying offense, sexual
performance of a child, under Section 43.25 of the Texas Penal Code, did not appear to be listed
under either the old Article 62.12(a) of the Texas Code of Criminal Procedure or its new counterpart,
Article 62.101(a). It appeared to fit under the catchall provisions of Article 62.101(c)(2) or Article
62.12(b). The clarifying answer is that the offense of sexual performance of a child is
counterintuitively defined as a "sexually violent offense" which is covered under Article 62.101(a)
and its predecessor, Article 62.12(a). See Tex. Code Crim. Proc. Ann. art. 62.001(6) (Vernon
Supp. 2007). So, Taylor's duty to report expires only on her death. See Tex. Code Crim. Proc.
Ann. art. 62.101(a) (Vernon 2007).
3. A similar concept has been applied to errors not categorized as "fundamental," but as
preserved for review without a contemporaneous objection. Those errors are violations of "rights
which are waivable only" and denials of "absolute systemic requirements." Aldrich v. State, 104
S.W.3d 890, 895 (Tex. Crim. App. 2003). Those errors are, by their nature, fundamental.