Fred Lee **RICKMAN**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–84–022–CR.

Court of Appeals of Texas, Fort Worth.

Sept. 26, 1984.

Price & Swander, and Steven H. Swander, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

FENDER, Chief Justice.

Appellant was indicted for aggravated rape. At trial to a jury (on guilt-innocence only) the prosecutor read only those portions of the indictment charging rape (omitting the aggravation allegations). During trial defense counsel sought to undermine the identification of appellant by witnesses for the State, although appellant did not take the stand or present other witnesses in an attempt to establish alibi. The jury found appellant guilty.

A punishment hearing was held before the court. The trial judge did not at that time order a presentence report from the probation office; did not enter findings into the record that there was sufficient evidence before him to permit him to dispense with such a pre-sentence report; and did not give appellant an opportunity to waive the preparation of such report. Appellant pled "true" to an enhancement count alleging a prior conviction for rape. The trial court fixed punishment at fifty years confinement and pronounced sentence accordingly. Five days later the trial judge reassembled the parties; ordered the sentence set aside; offered appellant the opportunity to either waive or demand a presentence report (to which offer defense counsel refused cooperation); entered a finding that said report was not necessary; and again sentenced appellant to fifty years.

Appellant seeks relief from this Count on three grounds:

(1) That the trial court erred by permitting the State to amend its indictment by deleting the aggravation allegations;

(2) That the trial court erred by refusing to charge the jury on "mistaken identification;"

(3) That the trial court erred by not obtaining the pre-sentence report required by Art. 42.12, secs. 4(a) and (b), TEX.CODE CRIM.PROC.ANN. (Vernon Supp.1984)[1] or by avoiding such report in some manner allowed by the statute.

---

1. We note that this provision (*Acts 1983, 68th Leg., p. 1790, ch. 343, sec. 1*) and the one that immediately precedes it in the code text (*Acts*

The judgment is affirmed.

 It is elemental that rape is a lesser included offense of aggravated rape. Art. 37.08, TEX.CODE CRIM.PROC.ANN. provides that a jury may find a defendant guilty of a lesser included offense. It would be a useless exercise in futility to require the State to read the entire indictment, proceed with proof (knowing that proof of aggravation was lacking) and then request the trial court to only charge the jury on the lesser offense because the proof would only support the lesser charge. Counsel for appellant has provided us with no authority holding that the procedure in the instant case constitutes an unauthorized amendment of the indictment and we find none. Ground of error number one is overruled.

 Appellant next complains of the refusal of the trial court to charge the jury on his defensive issue of "identification." Identity of the defendant is a traditional issue in most criminal trials. Most jury charges (in applying the law to the facts) start "Now, therefore, if you find and believe from the evidence beyond a reasonable doubt that _____, etc.," with the name of the defendant in the blank. Also, any proper jury charge contains an instruction on presumption of innocence and burden of proof. Absent statutory directions to single out "identity" in some special way, the foregoing is sufficient to permit counsel to argue identity and to cause the jury to assure itself that the defendant before them is one and the same as the person charged before entering a verdict of guilty. Ground of error number two is overruled.

In his third ground of error appellant complains of the action of the trial judge in initially pronouncing sentence without complying with one of the alternative provisions available under Art. 42.12, sec. 4(a) or (b) TEX.CODE CRIM.PROC. ANN. (Vernon Supp.1984). After discovering his omission, the trial court immediately reconvened the trial, set aside the sentence and granted appellant all rights available to him under the statute. Such procedure was authorized by Art. 42.06, TEX. CODE CRIM.PROC.ANN. (Vernon 1979) which is headed "Sentence Nunc Pro Tunc." Ground of error number three is overruled.

The judgment of the trial court is affirmed.