Daniel Joe EASTEP, Appellant,

v.

The STATE of Texas.

No. 368–96.

Court of Criminal Appeals of Texas, En Banc.

Feb. 5, 1997.

Martin Lenoir, Dallas, for appellant.

Patricia Poppoff Noble, Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for the State.

Before the court en banc.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted of theft of property with an aggregate value of $20,000 or more. Tex. Penal Code Ann. § 31.09. The jury assessed punishment at five years confinement and a $10,000.00 fine. The Court of

Appeals affirmed. *Eastep v. State,* 919 S.W.2d 151 (Tex.App.—Dallas 1996). We granted appellant's petition for discretionary review to determine whether the State amended the indictment in violation of Tex. Code Crim. Proc. Ann. art. 28.10(a). We will affirm.

## I.

The Grand Jury returned an indictment charging appellant with theft committed pursuant to a continuing course of conduct involving fifty separate appropriations. Appellant filed a "Motion to Quash" the indictment, contending nine of the fifty appropriations were beyond the statute of limitations. The State filed a "Motion to Amend the Indictment," deleting the appropriations of which appellant had complained, and the trial judge granted the State's motion without notice to appellant. *Eastep,* 919 S.W.2d at 152. Appellant learned of the State's motion and filed a "Motion to Quash the Amendment," contending he was entitled to notice of the amendment under Tex.Code Crim. Proc. Ann. art. 28.10. The trial judge denied appellant's motion. The Court of Appeals found a violation of art. 28.10 but found the error harmless. *Eastep,* 919 S.W.2d at 153.

## II.

Article I, § 10 of the Texas Constitution guarantees an accused the right to be informed of the nature and cause of the accusation against him in a criminal prosecution. It has long been held that this information must come from the face of the charging instrument. *Voelkel v. State,* 501 S.W.2d 313, 315 (Tex.Cr.App.1973). This fundamental guarantee enables the accused to learn in advance of trial and with reasonable certainty with what he is being charged so that he can prepare his defense. *Wilson v. State,* 520 S.W.2d 377, 379 (Tex.Cr.App.1975).

■ In *Ward v. State,* 829 S.W.2d 787 (Tex.Cr.App.1992), the State filed a motion to amend the indictment to change the name of the complainant. The trial judge granted

the motion. However, because the face of the indictment was not actually altered, we held the indictment was never in fact amended. *Id.* at 795. In order to ensure the accused of his constitutional right to be informed, from the face of the charging instrument, of the nature and cause of the accusation against him, there must be an actual alteration to the charging instrument. *Id.* at 794. In sum, the amendment is the actual alteration of the charging instrument. *Id.* at 793; *see also, Rent v. State,* 838 S.W.2d 548, 551 (Tex.Cr.App.1992); *McHenry v. State,* 829 S.W.2d 803, 804 (Tex.Cr.App.1992); *Montoya v. State,* 841 S.W.2d 419, 423 (Tex. App.—Dallas 1992); *McFarland v. State,* 834 S.W.2d 481, 483–484 (Tex.App.—Corpus Christi 1992) *and, Harris v. State,* 866 S.W.2d 316, 324 (Tex.App.—San Antonio 1993).

## III.

### A.

■ While *Ward* dealt with the manner in which a charging instrument is amended, it did not otherwise define an amendment. This definition is important because not every alteration to the face of the charging instrument is an amendment. In certain situations such an alteration is an abandonment. In this case it is necessary to distinguish between an "amendment" and an "abandonment."

■ An amendment is an alteration to the face of the charging instrument which affects the substance of the charging instrument. For example, in *Sodipo v. State,* 815 S.W.2d 551, 555 (Tex.Cr.App.1990), we found the alteration of a cause number in an enhancement paragraph was an amendment. In *Hillin v. State,* 808 S.W.2d 486, 487 (Tex.Cr. App.1991), the alteration of a weapon in an aggravated assault indictment was an amendment.[1] In *Beebe v. State,* 811 S.W.2d 604, 606 (Tex.Cr.App.1991), the addition of the manner and means of committing an offense was an amendment.[2] In *Garcia v. State,* 928 S.W.2d 666 (Tex.App.—Corpus Christi 1996),

---

1. Altering "... by throwing porcelain" to "by throwing a commode."

2. The change from "an assault upon Clifford McCorkle with the intent then and there to place Clifford McCorkle in fear of imminent serious bodily injury ..." to "an assault upon CLIF-

the alteration of the alleged date was an amendment.[3] In *McCoy v. State,* 889 S.W.2d 354, 358 (Tex.App.—Houston [14th Dist.] 1994), the addition of a complainant was an amendment. The Court of Appeals in *Hilton v. State,* 879 S.W.2d 74, 78–79 (Tex.App.—Houston [14th Dist.] 1994), found the alteration of the indictment from "*two* facsimile machines" to "*one* facsimile machine" was an amendment.[4] In *Hinojosa v. State,* 875 S.W.2d 339, 341 (Tex.App.—Corpus Christi 1994), deleting "delivery" and replacing it with "possession" was an amendment.

In these situations the alterations to the face of the charging instrument were amendments and the requirements of arts. 28.10 and 28.11 were invoked.[5]

### B.

■ Conversely, an abandonment, even though accomplished by an actual physical alteration to the face of the charging instrument, does not affect its substance. We have recognized three situations where an alteration to the face of the charging instrument is an abandonment.

### i.

**Ways or means of committing an offense.**

■ When a statute provides multiple means for the commission of an offense and

those means are subject to the same punishment, the State may plead them conjunctively. However, the State is required to prove only one of the alleged means in order to support the conviction. *Kitchens v. State,* 823 S.W.2d 256, 258 (Tex.Cr.App.1991); *and, Aguirre v. State,* 732 S.W.2d 320, 326 (Tex.Cr.App.1982)(opinion on rehearing). Therefore the State may abandon one or more of the alleged means.

For example, in *Garcia v. State,* 537 S.W.2d 930, 932 (Tex.Cr.App.1976), the State charged the defendant with escaping from custody after being "charged with *and* convicted of" a felony. The State abandoned "and convicted of." Because the alteration deleted an alternative means of committing the charged offense, we held the alteration was an abandonment, *not* an amendment. *Id.* at 933. *See also, Yates v. State,* 766 S.W.2d 286, 290 (Tex.App.—Dallas 1989);[6] *Holder v. State,* 837 S.W.2d 802, 806 (Tex.App.—Austin 1992); *Ortiz Salazar v. State,* 687 S.W.2d 502 (Tex.App.—Dallas 1985); *and, Tooke v. State,* 642 S.W.2d 514, 517 (Tex.App.—Houston [14th Dist.] 1982).

The face of the charging instrument provides the defendant with notice as to the means the State intends to prove the alleged

---

FORD MCCORKLE by threatening to shoot him with a handgun."

**3.** The alteration "on or about the 30th day of December, 1994" to "on or about December 30, 1992."

**4.** All emphasis is supplied unless otherwise indicated.

**5.** Art. 28.10. **Amendment of indictment or information**
(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.
(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.
(c) An *indictment or information may not be amended over the defendant's objection as to*

form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.
Art. 28.11. **How amended**
All amendments of an indictment or information shall be made with the leave of the court and under its direction.

**6.** In *Yates* the appeals court relying on *Garcia* found the deletion of the word "manufacturing" from the information or indictment to be an abandonment, and not an amendment. The original information read:
... did then and there unlawfully, knowingly and intentionally promote six or more obscene devices, namely dildos, by *manufacturing,* exhibiting and advertising said devices, knowing the content and character of the said devices.
The information after the abandonment read:
... did then and there unlawfully, knowingly and intentionally promote six or more obscene devices, namely dildos, by exhibiting and advertising said devices, knowing the content and character of the said devices.

offense. The abandonment of an alternative means does not change the alleged offense, it merely limits the State to the remaining means. *Garcia*, 537 S.W.2d at 932. Because the defendant is already on notice of all the alleged means for the commission of the alleged offense, the abandonment of an alternative means does not affect the defendant's notice or his ability to prepare his defense to the allegations within the charging instrument.

### ii.

### Trial of a lesser included offense.

■ Additionally, the State may alter the charging instrument if the effect of the alteration reduces the prosecution to a lesser included offense. *Leonard v. State*, 481 S.W.2d 117, 118 (Tex.Cr.App.1972). In *Allison v. State*, 618 S.W.2d 763, 764 (Tex.Cr. App.1981), the alteration to the charging instrument resulted in the original offense charged, burglary of a habitation, being reduced to burglary of a building. We held this type of alteration was an abandonment, *not* an amendment because:

> ... The greater offense ... necessarily includes all the lesser included offenses whether each of their constituent elements are alleged in the wording of the indictment on the greater offense or not.

*Id.*, 618 S.W.2d at 764; *see also, Thomas v. State*, 451 S.W.2d 907, 909 (Tex.Cr.App.1970); *White v. State*, 890 S.W.2d 69, 72 (Tex.Cr. App.1994) (Baird, J., concurring); *Babers v. State*, 834 S.W.2d 467, 470 (Tex.App.—Houston [14th Dist.] 1992); *Stockton v. State*, 756 S.W.2d 873, 875 (Tex.App.—Austin 1988); *Ruiz Avalos v. State*, 764 S.W.2d 910 (Tex. App.—Corpus Christi 1989); *and, Rickman*

*v. State*, 677 S.W.2d 271 (Tex.App.—Fort Worth 1984).

### iii.

### Surplusage.

■ Surplusage is unnecessary language not legally essential to constitute the offense alleged in the charging instrument. *Collins v. State*, 500 S.W.2d 168 (Tex.Cr.App. 1973). In *Whetstone v. State*, 786 S.W.2d 361, 364 (Tex.Cr.App.1990), we held:

> ... The general rule is that allegations which are not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as surplusage.

For example, in *Malazzo v. State*, 165 Tex. Crim. 441, 308 S.W.2d 29, 31 (App.1957), we held:

> Where the value of property alleged to have been stolen does not determine whether the offense is a felony or a misdemeanor, nor control the punishment applicable to the theft, the allegation as to its value is not descriptive of the offense and need not be proven.

■ Therefore, the charging instrument may be altered to delete language which is not descriptive of what is legally essential to the validity of the indictment.[7] *White*, 890 S.W.2d at 72 (Baird, J., concurring)(citing *Burrell v. State*, 526 S.W.2d 799, 802 (Tex.Cr.App.1975)); *see also, Franklin v. State*, 659 S.W.2d 831, 833 (Tex.Cr.App.1983); *Windham v. State*, 638 S.W.2d 486, 487 (Tex. Cr.App.1982); *Cohen v. State*, 479 S.W.2d 950, 951 (Tex.Cr.App.1972). In these situa-

---

7. We pause to note that there is a well-recognized exception to this rule. Where the unnecessary matter is descriptive of that which is legally essential to charge a crime, the State must prove it as alleged though needlessly pleaded. *Wray v. State*, 711 S.W.2d 631, 633 (Tex.Cr.App.1986); *see, Whetstone*, 786 S.W.2d at 364; *Clark v. State*, 665 S.W.2d 476, 484 (Tex.Cr.App.1984).

For example, when an indictment describes a necessary person, place, or thing with unnecessary particularity, the State must prove all circumstances of the description. *Burrell*, 526 S.W.2d at 802. In *McClure v. State*, 163 Tex.

Crim. 650, 296 S.W.2d 263, 264 (App.1956), "on the premises at the Alamo Cafe located at Cleveland and Second Streets, City of Memphis, Texas" was not surplusage and the State had to prove the exact location. Likewise in *Cohen v. State*, 479 S.W.2d 950 (Tex.Cr.App.1972), when the State alleged a particular block in which illegal fireworks were transported, we held the street address was not surplusage, therefore, the State had to prove the exact address. *See also, Weaver v. State*, 551 S.W.2d 419 (Tex.Cr.App. 1977) ("Ruger" not surplusage because the gun could be a "Luger.").

tions, the alteration is an abandonment, *not* an amendment.

### iv.

■ We have recognized three situations where altering the charging instrument constitutes an abandonment: (1) abandonment of one or more of the alternative means in which an offense may be committed, *Garcia*, 537 S.W.2d at 932–933; (2) abandonment of an allegation in the charging instrument if the effect of such abandonment is to reduce the prosecution to a lesser included offense, *Leonard*, 481 S.W.2d at 118; *or*, (3) abandonment of surplusage. *Burrell*, 526 S.W.2d at 802. Such alterations are abandonments and, therefore, do not invoke the requirements of articles 28.10 and 28.11.[8]

### IV.

### A.

■ Where an indictment charges an individual with the appropriation of property in an aggregated amount, pursuant to one scheme or continuing course of conduct, the State is not required to prove each individual appropriation. *Lehman v. State*, 792 S.W.2d 82 (Tex.Cr.App.1990). The evidence is sufficient if the State shows appellant illegally appropriated enough property to meet the aggregated value alleged. *Id.*[9]

■ In the instant case, the indictment alleged theft of property with an aggregate value of $20,000 or more. Tex. Penal Code Ann. § 31.09. The State altered the face of

the indictment to delete nine appropriations. After the alteration there remained appropriations with an aggregate value of over $20,-000.[10] The deletion may be considered as either the abandonment of an alternative means of committing the offense or as the abandonment of surplusage. Under either circumstance, the alteration did not affect the substance of the charging instrument. The alteration was *not* an amendment. *White*, 890 S.W.2d at 72 (Baird, J., concurring); *Davis*, 532 S.W.2d at 628; *and, Collins*, 500 S.W.2d 168. Therefore, the Court of Appeals erred in treating the alteration of the charging instrument as an amendment.

### B.

■ The Appeals Court also erred in applying a harm analysis. In a clear and unwavering line of cases, we have held that violations of art. 28.10 are not subject to a harm analysis and no breach of the statute will be tolerated despite the probable effect on the outcome of the trial. *Brown v. State*, 828 S.W.2d 762 (Tex.Cr.App.1991); *Sodipo v. State*, 815 S.W.2d 551 (Tex.Cr.App.1990)(on original submission and on motion for rehearing); *see also, Bigby v. State*, 892 S.W.2d 864, 880 (Tex.Cr.App.1994); *Wynn v. State*, 864 S.W.2d 539, 540–541 (Tex.Cr.App.1993); *Beebe v. State*, 811 S.W.2d 604, 606 (Tex.Cr. App.1991); *Hillin v. State*, 808 S.W.2d 486 (Tex.Cr.App.1991); *and, Rent v. State*, 838 S.W.2d 548, 551 (Tex.Cr.App.1990). *See also, Wynn v. State*, 864 S.W.2d 539 (Tex.Cr.App. 1993).

**8.** Our research has revealed another situation where an alteration to the face of the charging instrument may not be an amendment. In *Kelley v. State*, 823 S.W.2d 300 (Tex.Cr.App.1992), the trial judge altered the indictment to reflect the defendant's true name. On appeal, we held "The name change of the defendant does not constitute an amendment as that term is perceived by article 28.10." *Id.* at 302. Rather, the act of changing the name of the defendant was a ministerial act, controlled by Tex.Code Crim. Proc. Ann. art. 26.08. *See also, Wynn v. State*, 864 S.W.2d 539 (Tex.Cr.App.1993).

**9.** In *Lehman* we explained:
... once the defendant has been given proper notice that he must prepare to defend himself against a charge that he has stolen a certain "bundle" of property, there is no reason that

he should be acquitted if the evidence shows him guilty of stealing enough of the "bundle" to make him guilty of the offense charged. The State is allowed to anticipate variances in the proof by pleading alternative "manner and means" in the conjunctive when proof of any one "manner or means" will support a guilty verdict. Likewise, the State should be allowed to plead all property which the evidence may ultimately prove stolen without thereby being required to prove theft of any larger quantum of property than the statute at issue requires. (Citations omitted.)
792 S.W.2d at 84.

**10.** Of which *any* eight appropriations would have the aggregated total over $20,000.00.

## C.

Despite the Appeals Court error in treating the alteration of the charging instrument as an amendment and its additional error of performing a harm analysis, we find the alteration to the face of the indictment was an abandonment, *not* an amendment, thus art. 28.10 is not applicable. Appellant's sole ground for review is overruled.

The judgment of the Court of Appeals is affirmed but for reasons other than those given by that Court.

MANSFIELD and WOMACK, JJ., join parts I, II, III and IV.A.

KELLER, J., concurs with note. I join the opinion of the Court except as to section IV.B. I do not believe the Court of Appeals erred in applying a harm analysis. McCORMICK, P.J., joins this note.