NUMBER 13-99-640-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________ 



JOSE ANGEL COVARRUBIAS , Appellant, 



v.

 

THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 

On appeal from the 138th District Court

of Cameron County, Texas.

___________________________________________________________________ 



O P I N I O N

 
Before Chief Justice Seerden and Justices Dorsey and Yañez 

Opinion by Justice Dorsey



 Appellant, Jose Angel Covarrubias, was convicted of indecency with a child and sentenced to five years of community
supervision, plus a $10,000 fine. He appeals by four points of error. We affirm. 

I. Motion to Transfer 


 By point one appellant asserts that the trial court erred in denying his motion to transfer the case from County Court at
Law No. 1 of Cameron County back to the 138th District Court of Cameron County because the county court did not
have jurisdiction to hear the case. While this case was pending in the 138th District Court, Judge Janet Leal, Presiding
Judge of County Court at Law No. 1,(1) was assigned(2) to hear the case. On September 7, 1999, Judge Leal heard
pretrial motions, jury voir dire, and she swore in the jury. After Judge Leal swore in the jury appellant filed a motion
to transfer the case to the 138th District Court, contending that the case file did not include an order assigning the case
to Judge Leal. Judge Leal denied the motion, stating that Judge Darrell Hester, the Regional Judge, had made the
assignment prior to the case being assigned and prior to the time that the jury was chosen. 

 Appellant argues on appeal that because there is no record showing that the administrative judge assigned the case to
Judge Leal, she had no jurisdiction to hear the case. Section 74.053(c) of the Texas Government Code provides that an
objection to the assignment of a judge "must be filed before the first hearing or trial, including pretrial hearings, over
which the assigned judge is to preside." Tex. Gov't Code Ann. § 74.053(c) (Vernon 1998). Because counsel did not
file his objection until after the pre-trial hearing and swearing of the jury the objection is waived. Wilson v. State, 977
S.W.2d 379, 380 (Tex. Crim. App. 1998); Mayfield v. State, 757 S.W.2d 871, 872 (Tex. App.--Houston [1st Dist.]
1988, pet. ref'd). We overrule point one. 

II. Indictment

 By point two appellant argues that the trial court erred in deleting a portion of the indictment and in refusing to allow
him ten days to respond to the amended indictment as required by article 28.10(a) of the Texas Code of Criminal
Procedure. Article 28.10(a) provides: 

 (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any
time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the
defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment
or information. 



Tex. Code Crim. Proc. Ann. art 28.10(a) (Vernon 1989). 

 The indictment alleged in part that appellant "with the intent to arouse or gratify the sexual desire of said defendant,
intentionally or knowingly engage in sexual contact with . . . [C. G.] by touching the breast of . . . [C. G.], by a child
younger than 17 years of age and not the spouse of the defendant, with the Defendant's hand." (emphasis added).
Appellant objected that inclusion of the word "by" in the indictment, as italicized, required the State to prove that
appellant instructed another person to touch the child's breast. Judge Leal stated that the word "by" was surplusage and
that she was going to hold the State to prove that C. G. is a child younger than seventeen years of age and not the
defendant's spouse. 

 A charging instrument may be altered to delete language which is not descriptive of what is legally essential to the
validity of the indictment. Eastep v. State, 941 S.W.2d 130, 134 (Tex. Crim. App. 1997). In such a situation the
alteration is an "abandonment," not an amendment and does not invoke the requirements of article 28.10 of the code of
criminal procedure. Id. at 135. Abandonment of surplusage does not constitute an amendment to the indictment. 
Id.Surplusage is unnecessary language not legally essential to constitute the offense alleged in the indictment. Id. at
134. In the instant case the indictment included all of the statutory elements of indecency with a child. SeeDuron v.
State, 956 S.W.2d 547, 551 (Tex. Crim. App. 1997). The word "by" is surplusage because it is unnecessary language
not legally essential to constitute the charged offense. See id. at 551. Because the trial court deleted surplusage from
the indictment the alteration was an abandonment rather than an amendment and did not invoke the requirements of
article 28.10(a). Therefore appellant was not entitled to a ten-day continuance. We overrule point two. 

III. Jury Argument

 In his third point of error appellant contends that the trial court erred in denying his motion for a mistrial after the
prosecutor referred to him as a "dog" in closing argument. Disposition of this point requires a brief summary of the
facts. 

 The victim, C. G., testified that while she was walking home appellant "got me over my neck and started touching my
breasts." She ran away from him and began to cry. She was thirteen years old at the time of the incident. The State's
attorney made the following comments during closing argument in the guilt/innocence phase: 

 His [appellant's] wife seals his fate. Remember when I asked her--I had gone out to her home, . . . . I said, "Ma'am,
you said at the time that you didn't want to pass judgment or pick sides," and she agreed with me. She's been married
to this man for 14 years. She knows what kind of dog she has at her house. 



Appellant objected to the State's attorney calling him a dog. The trial court instructed the jury to disregard the
statement, but denied appellant's motion for a mistrial. 

 Permissible jury argument is limited to summation of the evidence, reasonable deductions from the evidence,
responses to opposing counsel's argument, and pleas for law enforcement. Coble v. State, 871 S.W.2d 192, 204 (Tex.
Crim. App. 1993). Generally error occurs when an argument falls outside of these areas; however, an instruction to
disregard the argument generally cures the error. Dinkins v. State, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995).
Reversible error occurs only when statements to the jury are so extreme, manifestly improper, or inject new and
harmful facts into the case that they deprive the defendant of a fair and impartial trial. McGee v. State, 774 S.W.2d
229, 238 (Tex. Crim. App. 1989). 

 We do not approve of the State's characterization of appellant as a dog. However based upon appellant's conduct
towards the victim the comment was not so extreme or manifestly improper, and did not inject new and harmful facts
into the case such that appellant was deprived of a fair and impartial trial. The instruction to disregard the comment
cured any error. We hold that the trial court did not err by denying appellant's motion for a mistrial. We overrule point
three. 

 By point four appellant asserts that the trial court erred in not granting a mistrial when the State's attorney referred to
matters outside of the record. Appellant complains of the following remarks made at the closing argument during the
guilt/innocence phase: "What does she [C. G.] have to gain by having me come out to her project, to having me come
out to her home and talk to her about something?" Appellant objected on the basis that this was improper argument "to
testify as to what the state did. . . ." The court denied his motion for mistrial. 

 C. G. testified on cross-examination that the State's attorney met with her at her house. The State's attorney's
argument was therefore based upon facts in evidence and was not improper. See Coble, 871 S.W.2d at 204. We
overrule point four. 

 We affirm the trial court's judgment. 



J. BONNER DORSEY, 

Justice 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 29th day of June, 2000. 

1. By statute "[a] . . . statutory county court judge may hear and determine a matter pending in any district . . . court in
the county. . . ." Tex. Gov't Code Ann. § 74.094(a) (Vernon Supp. 2000).

2. The appellate record does not include an order assigning the case to Judge Leal.