# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00596-CR

**Harvey Granado, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 0996464, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

A jury found appellant Harvey Granado guilty of possessing less than one gram of heroin. *See* Tex. Health & Safety Code Ann. § 481.115 (West Supp. 2001). The jury assessed punishment, enhanced by previous felony convictions, at imprisonment for ten years and a $7000 fine. *See* Tex. Pen. Code Ann. § 12.41(a)(2) (West Supp. 2001).

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by advancing a contention that might arguably support the appeal. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972);

*Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). After examining the record, appellant also filed a pro se brief.

In his pro se brief, appellant contends his rights were violated when the State was permitted to amend the indictment on the day trial began. The indictment returned by the grand jury alleged that appellant possessed one gram or more but less than four grams of heroin. Immediately before jury selection began, the State announced that it was going to proceed on the lesser included offense of possession of less than one gram. Such an alteration of the charging instrument is not an amendment to which articles 28.10 and 28.11, cited by appellant, apply. *Eastep v. State*, 941 S.W.2d 130, 134-35 (Tex. Crim. App. 1997); *see* Tex. Code Crim. Proc. Ann. arts. 28.10, .11 (West 1989). Appellant's first pro se issue is without merit.

Appellant's second contention is that his trial counsel was ineffective for failing to object to the amendment of the indictment, and that his attorney on appeal was ineffective for failing to raise the amendment issue and the ineffective assistance issue. As we have explained, however, the State's abandonment of the greater offense was not an objectionable amendment. No ineffectiveness of counsel, at trial or on appeal, is shown. We also note that trial counsel had no reason to object to the State's decision, since it was entirely to appellant's benefit. Had appellant been tried and convicted for the original offense, he would have faced a minimum term of imprisonment of twenty-five years and a maximum term of life. Tex. Pen. Code Ann. § 12.42(d) (West Supp. 2001).

Having reviewed the record, we agree that the appeal is frivolous and without merit. The judgment of conviction is affirmed.


_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   October 4, 2001

Do Not Publish

3