In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00003-CR


______________________________




JERRY DEAN MAYFIELD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 29595-B




 




Before Morriss, C.J., Carter and Cornelius,* JJ.


Opinion by Justice Cornelius



________________________________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N



 Jerry Dean Mayfield was convicted, in a jury trial, of delivery of cocaine. The jury assessed
his punishment, enhanced by two prior convictions, at ten years' imprisonment and a $10,000.00
fine.

 On appeal, Mayfield raises only one issue. He contends the trial court erred in granting the
State's motion to abandon certain portions of the indictment. He contends the State's abandonment
actually amounted to an amendment of the indictment and was improper according to Tex. Code
Crim. Proc. Ann. art. 28.10 (Vernon 1989). We disagree and affirm the judgment.

 Mayfield's indictment contained three enhancement paragraphs. The first alleged a prior
conviction for burglary. The second alleged a prior conviction for delivery of a controlled substance,
and the third alleged a conviction for theft.

 On the opening day of trial, before the jury was sworn, the State filed a motion to abandon
these portions of the indictment: (1) in paragraph three these words in line one, "and after the
conviction in Cause Number 28781-B was final.", and (2) all of paragraph four, which alleged a prior
conviction for theft. The State alleged that these portions of the indictment were in error and were
surplusage. Over Mayfield's objection, the trial court granted the State's motion.

 Not every change to the face of an indictment is an amendment. In some instances, such a
change is merely an abandonment. Eastep v. State, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997). 
An amendment to an indictment is a change that affects the substance of the indictment. Id. But an
abandonment, even if effected by a physical change in the indictment, does not affect its substance. 
If the change is an abandonment, the requirements of Article 28.10 do not apply. Eastep v. State,
941 S.W.2d at 133; Bates v. State, 15 S.W.3d 155, 161 (Tex. App.-Texarkana 2000, pet. ref'd).

 An abandonment is appropriate in the following situations: (1) concerning the ways or means
of committing the offense; (2) reducing the charge to a lesser-included offense; and (3) eliminating
surplusage. (1) Eastep v. State, 941 S.W.2d at 133-34.

 Surplusage is unnecessary language that is not legally necessary to constitute the offense
charged in the charging instrument. Whetstone v. State, 786 S.W.2d 361, 364 (Tex. Crim. App.
1990).

 The allegations the State sought to abandon were surplusage. They did not furnish any
allegation necessary to describe the offense charged, and the enhancement allegations remaining in
the indictment after the abandonment were sufficient to raise the charged offense to a penalty group
one offense under the Texas Controlled Substances Act. As the alteration in the indictment
constituted an abandonment and not an amendment, the trial court did not abuse its discretion in
granting the State's motion.

 The judgment is affirmed.


 William J. Cornelius*

 Justice


*Chief Justice, Retired, Sitting by Assignment


Date Submitted: September 8, 2003

Date Decided: September 9, 2003


Publish
1. In Golihar v. State, 46 S.W.3d 243 (Tex. Crim. App. 2001), the Texas Court of Criminal
Appeals held that, in the context of a variance between the indictment and the court's charge, the rule
of surplusage is abolished, and hereafter, the test whether language creates a variance will be whether
the questioned language is material, rather than whether it is surplusage. Golihar involved a
variance affecting the sufficiency of the evidence, and in no way pertained to the question whether
portions of an indictment may be abandoned as surplusage without amending the indictment. We
believe Eastep v. State, 941 S.W.2d 130 (Tex. Crim. App. 1997), still governs this latter question.