Opinion issued June 10, 2004











                                              
In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00425-CR




GENE ROGER GRIFFIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
 Harris County, Texas
                                         Trial Court Cause No. 916340




MEMORANDUM OPINION

          Appellant, Gene Roger Griffin, pleaded no contest to the charge of attempted
indecency with a child. See Tex. Pen. Code Ann. §§ 15.01(a), 21.11(a) (Vernon
2003). In accordance with the parties’ plea agreement, the trial court deferred
adjudication of guilt and placed appellant on community supervision for five years.


 
We determine whether the trial court erred, under Texas statute or Constitution, in
allowing the State to alter the indictment over appellant’s objection. See Tex.
Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 28.10(c) (Vernon 1989). We
affirm.
Facts
          The complainant, P.D., was seven years old at the time of the offense. The
indictment alleged in pertinent part:
Gene Roger Griffin, hereafter styled the Defendant, heretofore on or
about May 22, 2002, did then and there unlawfully, intentionally, with
the specific intent to commit the offense of Indecency With A Child, of
[P.D.], hereafter styled the Complainant, do an act, to-wit: RUBBING
THE COMPLAINANT’S SKIN NEAR HER VAGINA WITH HIS
HAND . . . .”


 (Emphasis added.)

          Before trial, appellant moved to quash the indictment, claiming, among other
things, that the indictment designated an unnamed child of P.D. as the complainant,
thus rendering the indictment vague and failing to give appellant fair notice of the
charges against him. Over appellant’s objection, the State moved for leave to amend
the indictment to remove the word “of” in the portion of the indictment italicized
above. The trial court denied appellant’s motion to quash, granted the State’s motion
to amend, and allowed the indictment to be amended by crossing out the preposition
“of” that appeared before “P.D.” After amendment, the indictment alleged, “Gene
Roger Griffin, . . . on or about May 22, 2002, did then and there unlawfully,
intentionally, with specific intent to commit the offense of Indecency With A Child,
P.D., hereafter styled the Complainant, do an act . . . .”


 (Emphasis added.) 
Appellant then pleaded no contest.
Amended Indictment
          In his sole issue, appellant contends that the trial court violated his rights under
Texas Code of Criminal Procedure article 28.10 and under article I, section 10 of the
Texas Constitution by allowing the State to amend the indictment.



 
          Texas Constitution article I, section 10 provides, “[N]o person shall be held to
answer for a criminal offense, unless on an indictment of a grand jury, . . . [except in
certain cases not applicable here].” Tex. Const. art. I, § 10. Code of Criminal
Procedure article 28.10 provides, “After notice to the defendant, a matter of form or
substance in an indictment or information may be amended at any time before the date
the trial on the merits commences.” Tex Code Crim. Proc. Ann. art. 28.10(a)
(Vernon 1989). However, “[a]n indictment or information may not be amended over
the defendant’s objection as to form or substance if the amended indictment or
information charges the defendant with an additional or different offense or if the
substantial rights of the defendant are prejudiced.” Id. art. 28.10(c). “Different
offense” means a different statutory offense. Flowers v. State, 815 S.W.2d 724, 728
(Tex. Crim. App. 1991).
          Not every alteration to a charging instrument is an amendment subject to article
28.10, however. See Eastep v. State, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997),
overruled on other grounds by Riney v. State, 28 S.W.3d 561, 565-66 (Tex. Crim.
App. 2000) (overruling requirement that amendment be by interlineation on face of
original indictment) and by Gollihar v. State, 46 S.W.3d 243, 256-57 (Tex. Crim.
App. 2001) (overruling surplusage doctrine in context of legal sufficiency of
evidence).


 An amendment is an alteration to the face of the charging instrument that
affects the instrument’s substance. Eastep, 941 S.W.2d at 132. An amendment
invokes the requirements of article 28.10. See id. at 133. In contrast, “an
abandonment, even though accomplished by an actual physical alteration to the face
of the charging instrument, does not affect its substance.” Id. One of three situations
in which an alteration is an abandonment, rather than an amendment, is when
surplusage is deleted. Id. at 135. “Surplusage is unnecessary language not legally
essential to constitute the offense alleged in the charging instrument.” Id. at 134. An
abandonment does not invoke the requirements of article 28.10. See id. at 135.
          Appellant claims that the original indictment charged him with attempting to
commit indecency with an unnamed child of P.D., rather than with attempting to
commit indecency with a child named P.D. Appellant thus argues that the alteration
to the indictment was an amendment, rather than an abandonment, and that that
amendment charged him with a different offense by changing the complainant’s
identity. 
          We hold that the trial court did not err if it concluded that the word “of” was
surplusage, the deletion of which was an abandonment, not an amendment. The
phrase “of P.D.” was set off by commas and appeared immediately after “Child.” 
Such a structure usually indicates that the set-off words constitute a non-restrictive
phrase, i.e., a phrase that describes or merely adds information about the immediately
preceding noun, but by way of parenthetical comment that is not essential to the
preceding noun’s meaning. See, e.g., Margaret Shertzer, The Elements of
Grammar 7, 87 (1st ed. 1986); Manual on Usage, Style, & Editing B:4:1 (9th
ed. 2002). The phrase appearing between the commas thus explained who the
“Child” mentioned immediately before was, without restricting or qualifying the
term’s meaning. The phrase set off by commas should obviously have read only
“P.D.”—that is, it should have read “the offense of Indecency With A Child, P.D.,
hereafter styled the Complainant”—rather than “of P.D.” The preposition “of” made
no sense within the set-off phrase, but its mistaken inclusion did not change the fact
that the phrase was non-restrictive and could thus not have meant what appellant
claims. Accordingly, “of” was mere surplusage or a typographical error, and its
deletion was not an amendment to which article 28.10(c)’s requirements applied.


 
See Eastep, 941 S.W.2d at 134-35. For the same reasons, even if the deletion of “of”
had been an amendment, that amendment could not have resulted in the charging of
a different offense.


 Compare Tex Code Crim. Proc. Ann. art. 28.10(c). Because
the alteration was not an amendment—and would not have charged a different
offense even had it constituted an amendment—the alteration could not have violated
either article 28.10(c) or Texas Constitution article I, section 10.
          Accordingly, we hold that the trial court did not err in allowing the State to
alter the indictment over appellant’s objection. We overrule appellant’s sole issue.
 

Conclusion 
          We affirm the judgment of the trial court.
 

 
Tim Taft
Justice

Panel Consists of Justices Taft, Hanks, and Higley. 
 
Do not publish. Tex. R. App. P. 47.2(b).