NUMBER 13-05-044-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DAVID RUIZ, JR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

 

On appeal from the 179th District Court of Harris County, Texas.

 
MEMORANDUM OPINION


Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


Appellant, David Ruiz, Jr., was charged by indictment with felony murder. See Tex.
Pen. Code Ann. § 19.02 (Vernon 2003). (1) Appellant pled not guilty to the offense, and trial
was held before a jury. The jury found appellant guilty, and the trial court assessed
punishment at 15 years' imprisonment. By one issue, appellant contends the trial court
erred in permitting the State, over objection, to amend the indictment after trial commenced. 
We affirm. 

I. Background

Appellant and his wife had twins, Justin and Jezlin. On September 18, 2002, when
the twins were four-and-one half months of age, appellant's wife went to work for one hour,
leaving appellant alone with the twins. At some point, Justin began crying. Appellant
wanted Justin to stop crying. He picked Justin up, placed his hands under Justin's arms,
and shook him violently three times. He then threw Justin down onto the crib mattress. 
Appellant threw Justin so hard that Justin bounced from the mattress. Immediately
afterwards, Justin did not appear normal, was limp, looked dazed, was barely breathing,
and his eyes were half open. 

Appellant called his mother-in-law, who lived down the street, and she immediately
came over and called 911. Paramedics arrived and transported Justin to the hospital,
where he was pronounced dead. The cause of death was blunt force head injuries from
forceful shaking. 

Appellant gave a written statement to police in which he told police he shook Justin
three times and dropped him in the crib. II. Indictment

By his sole issue on appeal, appellant contends the trial court erroneously permitted
the State to delete the words "recklessly" and "serious" from the indictment after the trial on
the merits had commenced, but before opening statements. (2) Appellant objected to the
amendment on the basis that the jury was sworn, that counsel had prepared the case under
the indictment as returned by the Grand Jury, and that the State did not timely file a motion
to amend the indictment. Counsel insisted that he was entitled to the ten-day notice
provision of Texas Code of Criminal Procedure article 28.10. See Tex. Code Crim. Proc.
Ann art. 28.10 (Vernon 1989). The court overruled the objection and allowed the
amendment. Article 28.10 provides: 

(a) After notice to the defendant, a matter of form or substance in an
indictment or information may be amended at any time before the date the
trial on the merits commences. On the request of the defendant, the court
shall allow the defendant not less than 10 days, or a shorter period if
requested by the defendant, to respond to the amended indictment or
information.

 

(b) A matter of form or substance in an indictment or information may also be
amended after the trial on the merits commences if the defendant does not
object.

 

 (c) An indictment or information may not be amended over the defendant's
objection as to form or substance if the amended indictment or information
charges the defendant with an additional or different offense or if the
substantial rights of the defendant are prejudiced.


See id. 


The State contends it did not amend the indictment, instead, it abandoned one of the
allegations in the indictment. Consequently, the State argues, article 28.10 does not apply. 
See Eastep v. State, 941 S.W.2d 130, 134-35 (Tex. Crim. App. 1997) (holding deletion of
surplusage from an indictment is an abandonment, not an amendment), overruled on other
grounds by Riney v. State, 28 S.W.3d 561, 565-66 (Tex. Crim. App. 2000), and by Gollihar
v. State, 46 S.W.3d 243, 256-57 (Tex. Crim. App. 2001).

Even if we assume the deletion of the language from the indictment in the present
case constituted an impermissible trial date amendment, as opposed to a permissible
abandonment of surplusage, we cannot hold appellant was harmed by this statutory
violation. "'Courts of appeals must conduct the harm analysis of statutory errors, as a
species of 'other errors,' under Rule 44.2(b), disregarding the error unless it 'affected
[appellant's] substantial rights.'" Burnett v. State, 88 S.W.3d 633, 637 (Tex. Crim. App.
2002). A substantial right is affected when the error had a substantial and injurious effect
or influence in determining the jury's verdict. Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim.
App. 2001). We review the record as a whole when making this determination. Johnson
v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

There is no indication in the record that appellant was misled by the allegations in
the indictments or was surprised by the proof at trial. Nor is there any indication that the
indictment impaired appellant's ability to prepare an adequate defense at trial. Appellant
was on notice of all of the alleged means for the commission of the alleged offense. 
Further, appellant does not contend that his notice was affected or that he was unable to
prepare an adequate defense at trial. See Eastep, 941 S.W.2d at 134. We conclude that,
in the context of the entire case, any error in deleting the language "recklessly" and
"serious" from the indictment on the day of trial did not affect appellant's substantial rights. 
See Tex. R. App. P. 44.2(b). 

Accordingly, appellant's sole issue is overruled. (3)

 


 _______________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 10th day of August, 2006.

 
1. Section 19.02(b) provides:


A person commits an offense if he: 


(1) intentionally or knowingly causes the death of an individual;


(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life
that causes the death of an individual; or 


(3) commits or attempts to commit a felony, other than manslaughter, and in the course of
and in furtherance of the commission or attempt, or in immediate flight from the commission
or attempt, he commits or attempts to commit an act clearly dangerous to human life that
causes the death of an individual.


Tex. Pen. Code Ann. § 19.02(b) (Vernon 2003).
2. The indictment alleged that appellant:


unlawfully, while committing and attempting to commit the felony offense of INJURY TO A
CHILD by intentionally, knowingly, recklessly and with criminal negligence, causing SERIOUS
BODILY INJURY TO JUSTIN RUIZ, hereafter styled the complainant, a child younger than
fifteen years of age, by shaking the complainant with his hands, and while in the course and
furtherance of commission of and attempted commission of said felony offense, the
[appellant] did commit an act clearly dangerous to human life, to wit: by SHAKING the
complainant with his hands did thereby cause the death of the complainant. (Emphasis
added).
3. Although the court of criminal appeals explained in Sodipo v. State that amendment errors are
immune from harmless error analysis, see 815 S.W.2d 551, 556 (Tex. Crim. App. 1990), Cain v. State, 947
S.W.2d 262, 264 (Tex. Crim. App. 1997), and its progeny suggest that no state law error is immune from
harmless error analysis under the current state of the law.