Affirmed and Memorandum Opinion filed May 31, 2007








Affirmed and Memorandum Opinion filed May 31, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01155-CR

____________

 

RAYMOND PERRY, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1329795

 



 

M E M O R A N D U M   O P I N I O N

Appellant Raymond Perry was convicted of assaulting a
family member and sentenced to 140 days= confinement in
the Harris County jail.  Appellant argues on appeal that the evidence is
factually insufficient to show he assaulted a family member by any of the means
alleged by the State.  We affirm.       








I.  Factual and Procedural History

At appellant=s trial, Vantrice
Ware testified that she witnessed the altercation at issue on June 25, 2005. 
According to Ware, appellant and Shantell Harrell, the mother of appellant=s child, crossed
paths on a stairwell at the apartment complex where appellant lived.  Ware
testified that she saw appellant push Harrell onto the stairs, strike her with
his hands, and place his knee on her neck.  According to Ware, Harrell screamed
Aget off me@ and resisted
appellant.  Ware then ran for help and summoned two officers who were at the
complex investigating an unrelated case. 

Deputy Francisco Garcia arrived at the scene first and
discovered appellant arguing with some women.  According to Garcia, the women
told him that appellant had just assaulted Harrell.  Garcia testified that he
attempted to detain appellant, but appellant ran upstairs and into his
apartment.  Garcia explained that appellant eventually came out of the
apartment in response to requests by another law enforcement officer.

Garcia also testified regarding his interview of Harrell at
the scene.  According to Garcia, Harrell was very angry at that time and told
him that appellant assaulted her.  Garcia testified that Harrell told him that
she wanted to file charges because appellant pushed her down the stairs, put
his knee on her neck, and struck her with his fists.  Garcia photographed
injuries to Harrell=s head, forehead, and neck; according to
Garcia, Harrell reported that appellant caused these injuries. 








Because appellant and Harrell have a child, appellant was
charged with assault of a family member.  In the charging instrument, the State
alleged that appellant assaulted Harrell by (1) striking her with his hand, (2)
pushing her down some stairs, and (3) placing his knee on her neck.  At trial,
Harrell testified she had been fighting with some girls when she was on her way
to appellant=s apartment.  She stated she was going to confront the
girls, and appellant tried to stop her.  According to Harrell, appellant
grabbed her, and caused her to fall onto the stairs where  she  scratched her
neck.  Harrell denied that appellant ever put his knee on her neck.

The jury found appellant guilty and the trial court
assessed punishment at 140 days= confinement in the Harris County jail. 
This appeal ensued.  

II.  Issues
Presented

In three issues, appellant argues the evidence is factually
insufficient to prove that he assaulted Harrell by pushing her with his hand,
pushing her down stairs or placing his knee on her neck. 

III.  Analysis

When evaluating the factual sufficiency of the evidence, we
view all the evidence in a neutral light and determine whether there is an
objective basis in the record on which to conclude that the great weight and preponderance
of the evidence contradicts the jury=s verdict. 
Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). 

Although raised in three separate issues, appellant
essentially contends that the evidence is factually insufficient to support his
conviction for assault by any of the three   means asserted by the State. 
Because the State was required to prove only one of the  means alleged in order
to support the conviction,[1]
we must affirm appellant=s conviction if the State presented
factually sufficient evidence to prove he assaulted Harrell by striking her
with his hand, by pushing her down the stairs, or by placing his knee on her
neck.








Appellant first argues  the jury should not have convicted
him because the testimony of the State=s witnesses was
either contradicted or explained by other witnesses.  However, the jury is the
exclusive judge of the credibility of witnesses and the weight to be given to
their testimony, and it is the jury=s exclusive
province to reconcile conflicts in evidence.  Johnson v. State, 187
S.W.3d 591, 602 (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d).  In reviewing
the evidence, we do not intrude upon the fact finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  See
Watson, 204 S.W.3d at 417. 

Here, Ware testified that she saw appellant assault Harrell
by each of the three means alleged.  Garcia similarly testified that Harrell=s initial
statements to investigators corroborated Ware=s description. 
Moreover, the State offered photographs of Harrell=s injuries and her
previous statement that she wished to press charges.  The jury apparently found
this evidence more credible than the statements Harrell made at trial, and we
will not substitute our judgment of witness credibility for the jury=s determination.  See
Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000) (en
banc).

Appellant also argues that Harrell offered no testimony
that appellant caused her bodily injuries or pain.  This omission does not
render the remaining evidence insufficient.  Harrell testified that she fell on
the stairs and injured her neck after appellant grabbed her, and the State
offered photographs of Harrell=s injuries.  Appellant next points to the
testimony of his mother, Rose Perry Mitchell, who told the jury that she saw her
son shortly after his arrest and observed quite a few injuries on him.  
Appellant argues his mother=s testimony is consistent with the
injuries Harrell said she inflicted on appellant during her struggle with him. 
However, the fact that appellant may have sustained some injuries during the
assault is not inconsistent with the other evidence showing that he attacked
Harrell.  In sum, when viewed in conjunction with Ware=s eyewitness
testimony, the evidence is factually sufficient to support appellant=s conviction for
assault by any or all of the means alleged by the State.

After viewing the evidence in a neutral light, we conclude
that the great weight and preponderance of the evidence does not contradict the
jury=s verdict. 
Accordingly, we overrule each of appellant=s stated issues.








IV.  Conclusion

We hold the evidence is factually sufficient to support
appellant=s conviction and affirm the judgment of the trial
court.       

 

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

Judgment rendered
and Memorandum Opinion filed May 31, 2007.

Panel consists of
Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P.
47.2(b).                   

 

 









[1]  See Eastep v. State, 941 S.W.2d 130, 133
(Tex. Crim. App. 1997) (en banc), overruled on other grounds, Riney
v. State, 28 S.W.3d 561, 564B65
(Tex. Crim. App. 2000).