# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00328-CR

**James Dwayne Hoisager**

**v.**

**The State of Texas**

## FROM THE 424TH DISTRICT COURT OF BURNET COUNTY, TEXAS
## NO. 39332, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found Appellant, James Dwayne Hoisager, guilty of the aggravated kidnapping and aggravated assault of his ex-wife, Brenda Hoisager ("Brenda"). On appeal, Appellant complains that the trial court erroneously allowed the State to amend the aggravated kidnapping indictment and erroneously denied his request for ten days to respond to the amendment. For the reasons that follow, we affirm both convictions.

## BACKGROUND

On the morning of July 8, 2011, Appellant went to Brenda's condominium, with her permission, to attend to some business on behalf of their daughter and to do his laundry. Although their daughter lived in the condominium with Brenda, Brenda and Appellant were alone that morning. Appellant became upset, having recently learned that Brenda was romantically involved with another man. When Brenda asked Appellant to leave he refused, prevented her from calling

the police, held a knife to her throat, told her that they were going to go see God that night, and told her that he had paid someone to kill both of them.

Appellant held Brenda in the condominium at knife point for several hours or more. They struggled over Brenda's loaded pistol during this time, with Appellant gaining control and putting it out of Brenda's reach. At some point in the afternoon, Appellant drove Brenda to their church for a counseling session with their pastor, Ross Chandler. Brenda testified that she did not go to the church willingly and that Appellant kept the knife on hand during the drive. Appellant and Brenda met Chandler at their church and spoke about their relationship for approximately two hours before Chandler realized that something was amiss and removed Brenda from the situation. Brenda reported the incident to the police, who arrested Appellant.

Appellant was charged with aggravated kidnapping and aggravated assault with a deadly weapon. Count I of the indictment—which charged Appellant with aggravated kidnapping—originally read:

> Defendant . . . did . . . intentionally and knowingly abduct Brenda Hoisager by restraining the said Brenda Hoisager with the intent to prevent the liberation of the said Brenda Hoisager by using and threatening to use deadly force against the said Brenda Hoisager, and the said Defendant did then and there restrain the said Brenda Hoisager by restricting the movements of the said Brenda Hoisager without the consent of the said Brenda Hoisager so as to interfere substantially with the liberty of the said Brenda Hoisager by confining the said Brenda Hoisager *to her home*, and the said Defendant did then and there use and exhibit a deadly weapon, to-wit: a knife, during the said offense.

Trial commenced on April 29, 2013. The jury was empaneled and sworn in the early afternoon and then released for a lunch break, at which point the State expressed its intention to

2

delete the words "to her home" from the indictment. After the lunch break, the State made a formal motion to delete the words "to her home," which the court granted over Appellant's objection. Appellant requested ten additional days to prepare in light of the alteration to the indictment, which the trial court denied. The State read the amended version of the indictment to the jury. The jury returned a guilty verdict on both counts and assessed a punishment of ten years for each count, which the trial court ordered to be served concurrently.

## ANALYSIS

Appellant contends that the trial court erred (1) by allowing the State to amend the indictment over his objection and (2) by denying his request to delay trial for ten days to allow him to respond to the amendment. We disagree.

## LEGAL OVERVIEW

"Article I, Section 10 of the Texas Constitution guarantees an accused the right to be informed of the nature and cause of the accusation against him in a criminal prosecution. It has long been held that this information must come from the face of the charging instrument." *Eastep v. State*, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997), *overruled on other grounds by Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000), *and Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001). The Texas Code of Criminal Procedure provides that:

> (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

Tex. Code Crim. Proc. art. 28.10.

**The Trial Court did not Err in Allowing the State to Alter the Indictment**

Appellant argues that the trial court disregarded article 28.10(b) of the Texas Code of Criminal Procedure by allowing an amendment to the indictment after trial had commenced despite Appellant's objection. *See* Tex. Code Crim. Proc. art. 28.10(b) ("A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences *if the defendant does not object*") (emphasis added); *Sanchez v. State*, 138 S.W.3d 324, 329 (Tex. Crim. App. 2004) (for purposes of article 28.10, trial on merits commences when jury is empaneled and sworn). The State contends that article 28.10(b) does not apply because the words "to her home" were mere surplusage, so their deletion did not constitute a substantive amendment.

Not every alteration to the face of an indictment is an amendment for the purpose of article 28.10. Only changes that affect the substance of the indictment qualify as amendments. *Eastep*, 941 S.W.2d at 132. A modification that does not affect the substance of the indictment is a mere abandonment that does not trigger article 28.10. *Id*. at 133. The court of criminal appeals has recognized three types of language in an indictment that can be abandoned without constituting an amendment: (1) allegations of one or more alternative means of committing the alleged offense,

4

(2) allegations of a greater offense than remains in the indictment, and (3) surplusage. *Id.* "Surplusage is unnecessary language not legally essential to constitute the offense alleged in the charging instrument." *Id.* at 134.

Appellant argues that "to her home" was not surplusage, citing *Curry v. State* for the contention that unnecessary language is not surplusage if it is descriptive of a necessary element of a charged offense. *Curry v. State*, 30 S.W.3d 394, 399 (Tex. Crim. App. 2000) (citing *Burrell v. State*, 526 S.W.2d 799, 802 (Tex. Crim. App. 1975), *overruled by Gollihar*, 46 S.W.3d at 256-57). This exception to the surplusage rule—often referred to as the *Burell* exception—applies to language that (1) places an offense in a specific setting, (2) defines the method by which the offense was committed, or (3) describes the offense more narrowly. *Id.* According to Appellant, the phrase "to her home" was substance rather than surplusage because it (1) put the offense in the specific setting of Brenda's condominium, (2) described the method of abduction, which is a necessary element of aggravated kidnapping,[1] and (3) narrowed the scope of the offense.

Appellant's reliance on *Curry*—and through it *Burrell*—is misplaced. The court of criminal appeals explicitly overruled the *Burell* exception in *Gollihar*, rendering Appellant's argument invalid. 46 S.W.3d at 256-57. The relevant question is whether the phrase "to her home" is legally essential to constitute the offense alleged. *See Eastep*, 941 S.W.2d at 134. A review of the indictment and the statutory elements of aggravated kidnapping leads us to conclude that the words "to her home" are not essential to this offense.

---

[1] Tex. Penal Code § 20.04.

5

The indictment originally stated that Appellant abducted and restrained Brenda by confining her to her home. The revised indictment stated that he abducted and restrained her by confining her, without specifying the location of confinement. That location, however, is not legally essential to the offense of aggravated kidnapping.

> A person commits an offense [of aggravated kidnapping] if he intentionally or knowingly *abducts* another person with the intent to: (1) hold him for ransom or reward; (2) use him as a shield or hostage; (3) facilitate the commission of a felony or the flight after the attempt or commission of a felony; (4) inflict bodily injury on him or violate or abuse him sexually; (5) terrorize him or a third person; or (6) interfere with the performance of any governmental or political function.

Tex. Penal Code § 20.04 (emphasis added). Under the Texas Penal Code, abduction, which is legally essential to the offense of aggravated kidnapping, "means to *restrain* a person with intent to prevent his liberation by (A) secreting or holding him in a place where he is not likely to be found; or (B) using or threatening to use deadly force." *Id.* at § 20.01(2) (emphasis added). "'Restrain' means to restrict a person's movements without consent . . . by moving the person from one place to another or by *confining* the person." *Id.* at § 20.01(1) (emphasis added). While the Texas Penal Code requires abduction and restraint, it does not require that restraint by confinement take place in the victim's home or any other particular location. *Id.* at § 20.01. Consequently the text "to her home" was not legally essential to the offense of aggravated kidnapping, rendering it mere surplusage. The removal of this surplusage was, therefore, not an amendment for the purpose of article 28.10. *See Eastep*, 941 S.W.2d at 136. The trial court did not err in allowing the State to remove this text from the indictment. We overrule Appellant's first point of error.

6

**The Trial Court did not Err in Denying Appellant's Request for Additional Time**

In the alternative, Appellant argues that the trial court erroneously disregarded article 28.10(a) by denying his request for ten additional days to respond to the amended indictment. If the State amends the indictment prior to the day that trial commences, article 28.10(a) requires the court to allow the defendant up to ten additional days to respond to the amended indictment. Tex. Code Crim. Proc. art. 28.10. Appellant's argument fails because there was no amendment. As discussed above, "to her home" was surplusage, and article 28.10 does not does not apply when the State deletes surplusage. Accordingly, the trial court did not err in denying Appellant's request for a ten-day continuance. We overrule Appellant's second point of error.

## CONCLUSION

Having concluded that the trial court did not err, we affirm the judgments of conviction for aggravated kidnapping and aggravated assault.

_____

Cindy Olson Bourland, Justice

Before Justices Pemberton, Field, and Bourland

Affirmed

Filed: July 17, 2015

Do Not Publish

7