ACCEPTED
12-14-00229-cr
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/14/2015 8:37:47 PM
CATHY LUSK
CLERK

# IN THE COURT OF APPEALS

## TWELFTH DISTRICT OF TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/14/2015 8:37:47 PM
CATHY S. LUSK
Clerk

## TYLER, TEXAS

| | | |
|---|---|---|
| **BLAKE CARRINGTON GEE,** | § | |
| **APPELLANT** | § | |
| | § | |
| **VS.** | § | **APPEAL NO. 12-14-00229-CR** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **APPELLEE** | § | |

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/14/2015 8:37:47 PM
CATHY S. LUSK
Clerk

---

### ANDERS BRIEF

---

### APPEAL FROM THE 241st JUDICIAL DISTRICT COURT,

### IN AND FOR SMITH COUNTY, TEXAS, CAUSE NO. 241-1861-13

### THE HONORABLE JACK SKEEN, DISTRICT JUDGE PRESIDING

---

**L. Charles van Cleef**
**State Bar No. 00786305**

**P.O. Box 2432**
**Longview, Texas 75606-2432**
**903-248-8244 Telephone**
**903-248-8249 Facsimile**
**charles@vancleef.pro**

**COUNSEL FOR APPELLANT**

I.    **TABLE OF CONTENTS**

I.    TABLE OF CONTENTS ...................................................................- 2 -

II.    IDENTITY OF PARTIES AND COUNSEL ...............................................- 3 -

III.    INDEX OF AUTHORITIES ....................................................................- 4 -

IV.    STATEMENT OF THE CASE ...................................................................- 5 -

V.    STATEMENT OF FACTS .......................................................................- 6 -

    A.    Procedural History ..........................................................................- 6 -
    B.    Trial Proceedings and Evidence ....................................................- 6 -

VI.    SUMMARY OF THE ARGUMENT ........................................................- 13 -

VII.    ISSUE RESTATED ...............................................................................- 13 -

THE UNDERSIGNED FINDS NO LEGALLY OR FACTUALLY NON-

FRIVOLOUS GROUNDS FOR APPEAL. ......................................................- 13 -

    A.    Summary of the Argument .............................................................- 13 -
    B.    Argument And Discussion .............................................................- 13 -
    C.    Jurisdiction and General Due Process ...........................................- 14 -
    D.    Pretrial Motions .............................................................................- 15 -
    E.    Jury Selection ................................................................................- 16 -
    F.    Guilt/innocence Phase ...................................................................- 17 -
    G.    Sentencing Phase ...........................................................................- 18 -
    H.    Global ............................................................................................- 18 -

VIII.    CONCLUSION AND PRAYER .............................................................- 20 -

IX.    CERTIFICATE OF SERVICE .................................................................- 22 -

## II.    IDENTITY OF PARTIES AND COUNSEL

BLAKE CARRINGTON GEE, TDCJ NO 01948254, Appellant
Joe F. Gurney Transfer Facility
1385 FM 3328
Tennessee Colony, TX 75803

HON. JACK SKEEN, DISTRICT JUDGE, Trial Judge
241ST Judicial District Court
Smith County Courthouse
100 N. Broadway, Room 220
Tyler, Texas 75702

KENNETH M. BIGGS and LUCAS R. MACHICEK, Trial Counsel for Appellee
Assistant District Attorney
Smith County District Attorney's Office
100 N. Broadway
Tyler, Texas 75702

THAD WATTS DAVIDSON, Trial Counsel for Appellant
Davidson Law Office
329 S. Fannin Avenue
Tyler, TX 75702

L. CHARLES VAN CLEEF, Appellate Counsel for Appellant
P.O. Drawer 2432
Longview, Texas 75606-2432

MICHAEL WEST, Appellate Counsel for Appellee
Smith County District Attorney's Office
100 N. Broadway
Tyler, Texas 75702

## III. INDEX OF AUTHORITIES

**Cases**

Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) .................- 13 -

Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010) .......................................................- 17 -

Bynum v. State, 767 S.W.2d 769 (Tex. Crim. App. 1989) .......................................................- 15 -

Eastep v. State, 941 S.W.2d 130 (Tex. Crim. App. 1997) .......................................................- 14 -

Geuder v. State, 115 S.W.3d 11, 13 (Tex.Crim.App. 2003) ....................................................- 15 -

Jack v. State, 871 S.W.2d 741, 742–44 (Tex.Crim.App. 1994) ...............................................- 16 -

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979) .......................................................- 18 -

McCoy v. Court of Appeals, 486 U.S. 429, 438, 108 S. Ct. 1895 (1988) ................................- 14 -

Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) .............................................- 14 -

Zweig v. State, 74 Tex. Crim. 306, 171 S.W. 747 (Tex. Crim. App. 1914) .............................- 15 -

**Statutes**

TEX. CODE CRIM. PROC. art. 26.01 ............................................................................................- 15 -

TEX. CODE CRIM. PROC. art. 26.011 ..........................................................................................- 15 -

TEX. PEN. CODE § 32.51 .............................................................................................................- 17 -

TEX. PEN. CODE § 32.51(c)(3) ...................................................................................................- 17 -

TEX. PEN. CODE § 71.01(b) ........................................................................................................- 18 -

TEX. PEN. CODE § 71.02(a)(8) ...................................................................................................- 17 -

TEX. PEN. CODE § 71.02(b) ........................................................................................................- 17 -

TEX. PEN. CODE § 72.01(c) ........................................................................................................- 19 -

**Rules**

TEX. R. APP. P. 38.1 .....................................................................................................................- 5 -

TEX. R. APP. PROC. 33.1(a) .........................................................................................................- 15 -

**IN THE COURT OF APPEALS**

**TWELFTH DISTRICT OF TEXAS**

**TYLER, TEXAS**

| | | |
|---|---|---|
| **BLAKE CARRINGTON GEE,** | § | |
| **APPELLANT** | § | |
| | § | |
| **VS.** | § | **APPEAL NO. 12-14-00229-CR** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **APPELLEE** | § | |

---

### ANDERS BRIEF

---

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Comes now Movant L. CHARLES VAN CLEEF, counsel for BLAKE CARRINGTON GEE, Appellant herein, and files this, his Anders Brief in accordance with TEX. R. APP. P. 38.1 and this Court's orders.

## IV. STATEMENT OF THE CASE

This case concerns fraudulent use or possession of identifying information and Engaging in Organized Crime, a first degree felony. Appellant pleaded guilty as an "open" plea, with sentencing before the judge. Appellant and others collected identifying information and obtained false loans, cable, and electricity. There were twenty-three defendants and approximately fifty identified victims. Appellant was

found in possession of compiled lists of personal identifying information and participated in obtaining at least one fraudulent loan.

Appellant received a 30 year sentence.

Appellant's notice of appeal was filed on March 14, 2012. CR, at 68.

## V. STATEMENT OF FACTS

### A. PROCEDURAL HISTORY

On December 1, 2013, the appellant was indicted for the offense of "Engaging in Organized Criminal Activity," a first degree felony. Clerk's Record (CR) at 1. The appellant executed plea documents and pleaded guilty to the indicted offense on June 4, 2014, having rejected a proposed plea agreement. Sentencing, by the judge, occurred on July 9 and 10, 2014. The appellant received a 30 year sentence.

This appeal followed.

### B. TRIAL PROCEEDINGS AND EVIDENCE

As this case proceeded on a plea, the undersigned examines the entire record.

On December 1, 2013, the appellant was indicted for the offense of "Engaging in Organized Criminal Activity," a first degree felony. Clerk's Record (CR) at 1. The indictment alleged that the appellant and others engaged in a scheme or continuing course of conduct that began in June 2012 and continued

until April 2013.  Ibid.  The indictment further alleged that the scheme was to obtain and possess at least 10 and less than 50 items of identifying information of particular victims.  The indictment alleged that the information was used to open bank accounts to facilitate fraudulent loans.  Ibid. Bond was set at $750,000.  CR at 3.  Approximately 5616 pages of discovery were made available to defense counsel.  CR at 5.  The State filed numerous pretrial motions and supplemented discovery with a CD-ROM containing a forensic report and court hearing transcripts.  CR at 16.  Further discovery was provided.  CR at 19.

However, the next entry in the Clerk's Record is a request for presentence investigation report indicating the date of plea was June 4, 2014.  CR at 20.  The July 10, 2014 Judgment, CR at 23, indicates that the appellant pleaded guilty to the offense stated in the indictment and received a 30 year sentence.  The judgment indicates that the plea was "open."  Ibid. It further notes that the appellant filed a written notice of appeal.

On July 17, 2014, the appellant's trial counsel moved to withdraw.  CR at 27.  Significantly, in the motion, trial counsel stated that he advised the appellant of the following three options: "(a) go to trial; (B) accept the prosecutor's 25 year plea offer; or (C) plead open before the court, contribute to a PSI, and present witnesses and evidence at a sentencing hearing."  He continued "[d]efense counsel also repeatedly advised Defendant that if he competently, knowingly and

voluntarily entered a plea agreement, or if you competently, knowingly and voluntarily plant open before the court, as long as either a plea offer was accepted by the court or, via defendant's open plea, the court sentence the defendant within the punishment range of the 1$^{sto}$ felony for which he was indicted, then defendant's abilities to pursue a successful appeal would be extremely limited or none." Ibid. that motion was granted on July 30, 2014. CR at 29. The appellant's notice of appeal was filed on the same date and by the same person as the motion to withdraw: July 17, 2014. CR at 30. The undersigned was appointed for purposes of appeal on July 30, 2014. CR at 34. The trial court, on the same date, also certified the appellant's right to appeal since this was not a plea bargain case. CR at 35.

After considerable wrangling, the District Clerk supplemented the appellate record with copies of plea papers executed on June 4, 2014. Clerk's Record, Supplemental (CR SUP).

The first document is an "agreed punishment recommendation," which merely indicates that the plea was an open plea. CR Supp at 1. This document was signed by the appellant. Ibid. The second document is an "acknowledgment of admonishments," indicating that the range of punishment was 5 to 99 years or life and up to a $10,000 fine, among other matters. CR Supp at 2-3. This document was signed by the appellant. The third document is a "waiver of trial by jury," also

signed by the appellant, indicating that he knowingly and intentionally waived his right to a trial by jury, and requesting a trial before the court upon his plea of guilty. CR Supp at 4. The appellant signed a "waiver of confrontation an agreement to stipulate," CR Supp at 5, "stipulation of evidence" containing identical language to the indictment, CR Supp at 6, "agreement to stipulate testimony" waiving his right to appearance, confrontation, and cross-examination of witnesses and that evidence may be made by stipulation, CR Supp at 8, and a "waiver of motion for new trial and motion in arrest of judgment and waiver of right to appeal," CR Supp at 9. He requested a PSI report. CR Supp at 10. Finally, he received advice on his right to appeal. CR Supp at 11. All of the documents are signed by the appellant and appear in regular order, and were admitted as exhibits.

Transcripts of the two proceedings (change of plea and sentencing) mirror the written documents. The June 4, 2014, transcript of the change of plea, Reporter's Record (RR) at volume 1, indicates that of the preceding began with a rendition of the charges and waiver of reading and presentation of the indictment with other formalities. RR volume 1 at 3-4. The appellant indicates that he reviewed and signed all of the aforementioned plea documents, and he received a verbal explanation of the term "open plea" and his waivers that comports with the legal definition of such. Ibid. at 4-11. The appellant's trial counsel even

explained, on the record, the nature and implications of an open plea, and the appellant indicated that he understood and desire to go forward with an open plea. Ibid. at 11-16. The appellant indicated his understanding of his rights, waivers, and the plea documents. Ibid. at 16-17. The court asked questions to determine his competency, ibid. at 17-18, once again ensured that the appellant understood the charges and penalties, ibid. at 17-19, offered to answer any questions (there were none), ibid. at 20, received the appellant's plea of guilty, ibid. at 20, ensured that the appellant was making his plea knowingly, voluntarily, freely, and intelligently, ibid. at 21, and accepted his plea, ibid. The proceeding shifted to a discussion of the indicted activity, during which trial counsel for appellant explained in more detail the activity embodied in the indictment, and the appellant indicated his understanding and acknowledgment of the stipulation of evidence. Ibid. at 23-25. The plea was supported with a discovery compliance form (Exhibit 1), the stipulation of evidence (Exhibit 2), and the plea documents. Ibid. at 25.

Sentencing occurred on July 9, 2014. Reporter's Record (RR) at volume 2. The court began by taking judicial notice of the presentence investigation report (PSI) and its addenda. Ibid. at 4. There were no objections. Ibid. at 5-6. Letters of reference were admitted to the record (for the appellant). Ibid. at 6. The State rested on the PSI. Ibid. at 8. Defense counsel announced that the appellant wished to testify. Ibid. The court admonished the appellant regarding the waiver of his

Fifth Amendment right and pitfalls of taking the stand to testify; the appellant indicated he understood and that he wished to testify. Ibid. at 9-10. Defense counsel further admonished the appellant regarding his taking the stand. Ibid. at 11-12. There were no objections to his testimony. The State cross-examined the appellant. Ibid. beginning at page 36. There were no objections during that testimony. Redirect examination by defense counsel begins on page 82. There were no objections. Recross examination begins on page 93. There were no objections.

The court asked for clarification or understanding of some of the testimony. Ibid. beginning at 94. The court asked for clarification where the scraps of paper containing identifying information were kept and what sort of information they contained. Ibid. at 94-104. There were no objections to this discussion.

The next witness was Fred Moore, but he had left for work. Ibid. at 105. The next witness was Julia Bell, the appellant's grandmother. Ibid. at 106. She explained some of the physical layout and the appellant's job duties at ETMC hospital where some of the identifying information had been taken. See ibid. at 109. She was also a character witness. The next witness was the appellant's niece. Ibid. at 113. She was a very brief character witness. The next witness was the appellant's sister, who was also a very brief character witness. Ibid. at 116-118. Following her testimony, the defense rested. Ibid. at 118.

The court then considered the presentence report and asked the prosecutor if, in its "hundreds of pages" the prosecutor could point to any portion that indicates that the appellant accessed the stolen identifying information at ETMC; the answer was no. Ibid. at 120. The court asked several other questions of the prosecutor designed to determine the appellant's level of culpability. Ibid. at 120-123. Defense counsel responded. Ibid. at 123-125. There was considerable discussion concerning where the defendant fit in the hierarchy of the organization. Ibid. at 125-136. The State requested a 50 year sentence. The defense requested a "light sentence" based on its interpretation of the appellant's relative position within the hierarchy of the organization. Ibid. at 136-140. The State made a brief response and the court stated that it would require additional time to consider their arguments and the evidence. Sentencing was continued to the following day. Ibid. at 144-145.

Continuation of the sentencing hearing began on July 10, 2014. RR at volume 3. The court provided a lengthy, and accurate, description of events leading to the continued sentencing; neither party had anything to add. Ibid. at 1-8. Having considered the prior proceedings, evidence, as well as the range of sentencing, arguments of counsel and the presentence investigation report, the court assessed a sentence of 30 years confinement, no fine, and payment of court

costs. Restitution was to be determined by post sentence report. The appellant received credit for time served. Ibid. at 9.

This appeal followed.

## VI. SUMMARY OF THE ARGUMENT

Appellate counsel has reviewed the record thoroughly and has failed to identify any legally non-frivolous issues. Appellant has not suggested any grounds for appeal.

## VII. ISSUE RESTATED

THE UNDERSIGNED FINDS NO LEGALLY OR FACTUALLY NON-FRIVOLOUS GROUNDS FOR APPEAL.

### A. SUMMARY OF THE ARGUMENT

The undersigned has reviewed the entirety of the appellate record, in detail, and finds substantial compliance at all stages of litigation in this case based on the Record, that the guilt/innocence and sentencing proceedings were conducted in the correct manner, and that the sentence was within the range of punishment for Appellant's offense.

### B. ARGUMENT AND DISCUSSION

In Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the United States Supreme Court created a procedure that appointed counsel in criminal cases must follow when seeking to withdraw from an appeal that counsel believes is frivolous. Before requesting permission to withdraw,

counsel must "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal." McCoy v. Court of Appeals, 486 U.S. 429, 438, 108 S. Ct. 1895 (1988); see also Anders, 386 U.S. at 744-45.

After a conscientious review of the record, Movant concludes that the case is wholly frivolous, and therefore must advise this Court and request permission to withdraw. Anders, 386 U.S. at 744; Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

### C.    JURISDICTION AND GENERAL DUE PROCESS

The undersigned has reviewed the Indictment and trial testimony to determine whether there is a basis for challenging the trial Court's jurisdiction. The Indictment appears to be in proper form and alleges sufficient facts to apprise a Defendant of the charges. Further, those charges are stated in substantial conformance with the cited statutes.  Both the Sixth Amendment and Article I, § 10 of the Texas Constitution, require that a defendant be given notice before trial of the "nature and cause" of the accusation against him, and require further that the notice be given with sufficient clarity and detail to enable the defendant to anticipate the State's evidence and prepare a proper defense to it. See  Eastep v. State, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997). Under Article I, § 10, the requisite notice must come from the face of the charging instrument. Ibid. Thus, an

Indictment must allege, in plain and intelligible language, all the facts and circumstances necessary to establish all the material elements of the offense charged. Bynum v. State, 767 S.W.2d 769, 779 (Tex. Crim. App. 1989); Zweig v. State, 74 Tex. Crim. 306, 171 S.W. 747, 753 (Tex. Crim. App. 1914).

The fact that the incident occurred within the jurisdiction of the Court, comprising Smith County, Texas, was expressly established by the Indictment, CR at 1, and Appellant's Stipulation of Evidence, CR Supp at 6.

### D.   PRETRIAL MOTIONS

The undersigned finds no evidence that Appellant was arraigned prior to his plea. "In all felony cases, after indictment, and all misdemeanor cases punishable by imprisonment, there shall be an arraignment." TEX. CODE CRIM. PROC. art. 26.01. An attorney representing a defendant may present a waiver of arraignment, and the clerk of the court may not require the presence of the defendant as a condition of accepting the waiver. TEX. CODE CRIM. PROC. art. 26.011. However, as a prerequisite to presentation of the complaint on appeal, that the record show the complaint was made to the trial court by a timely request, objection or motion, and the court ruled adversely or refused to rule. TEX. R. APP. PROC. 33.1(a); Geuder v. State, 115 S.W.3d 11, 13 (Tex.Crim.App. 2003) (applying Rule 33.1). No objection was made. Further, a plea of guilty entered voluntarily and understandingly without benefit of a plea bargain agreement waives all

nonjurisdictional defects that occurred before the entry of the plea. See Jack v. State, 871 S.W.2d 741, 742–44 (Tex.Crim.App. 1994).

With regard to pretrial motions, several were filed. No defense motions were denied.[1]

### E. JURY SELECTION

The case was tried to the Court pursuant to the appellant's waiver.

---

[1] The sole defense request was a request for a Presentence Investigation Report.

### F. GUILT/INNOCENCE PHASE

The appellant pleaded guilty with all formalities, both written and verbal.

Further, the undersigned has examined the record from the perspective of both legal and factual insufficiency, and finds no arguable basis for appeal.

The Indictment and stipulation establish a violation of TEX. PEN. CODE § 71.02(a)(8), by means of a violation of TEX. PEN. CODE § 32.51, and based on the number of items, § 32.51 and § 71.02 require first degree felony punishment. TEX. PEN. CODE § 32.51(c)(3) (10 items or more); TEX. PEN. CODE § 71.02(b).

The Court of Criminal Appeals has held that there is "no meaningful distinction between the former Jackson v. Virginia legal sufficiency standard and the Clewis factual-sufficiency standard" and that the Jackson standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." Brooks v. State, 323 S.W.3d 893, 902-03, 912 (Tex. Crim. App. 2010). Accordingly, this Court would review any claim of evidentiary sufficiency under "a rigorous and proper application" of the Jackson standard of review. Ibid. at 906-07, 912. Moreover, Texas courts do not refer separately to legal or factual sufficiency. See Ibid. at 895. Under the Jackson standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781 (1979).

Here, the evidence is the stipulation of evidence signed by the appellant; the undersigned has reviewed the stipulation and Indictment, and finds them in compliance with the cited statutes and cases.

### G.   SENTENCING PHASE

There were no objections during sentencing.

Appellant's sentence of 30 years was within the permissible range of punishment for a first degree felony.

### H.   GLOBAL

There were no adverse rulings in pretrial, trial, or sentencing matters.

The undersigned could find no errors of a magnitude that would not require an objection, and no record of any kind was made regarding any such errors.

The sole troubling issue identified by the undersigned is that portion of the change of plea proceeding where defense counsel made an explanation of engaging in organized criminal activity that may not comport to the plea.  Specifically, counsel described engaging in organized crime as a "conspiracy."  RR volume 1 at 23-24.  While that is most certainly true, TEX. PEN. CODE § 71.01(b), it is also true that the underlying offense, fraudulent use or possession of identifying information, found in § 32.51, is a second-degree felony carrying a penalty of at

least two and no more than 20 years imprisonment for the number of items indicted, § 32.51(c)(3), and "[c]onspiring to commit an offense under [§ 72.01] is of the same degree as the most serious offense listed in Subsection (a) [, meaning, here, a violation of § 32.51] that the person conspired to commit." TEX. PEN. CODE § 72.01(c). Section 72.01 is oddly and confusingly worded insofar as it seems to say, in the context of this case, that one who conspires with others to commit a conspiracy to fraudulently use or possess identifying information with 10 to 50 items of identifying information has committed a second-degree felony but one who conspires to engage in organized crime but who actually does fraudulently use or possess identifying information as described is guilty of a first-degree felony. TEX. PEN. CODE § 72.01(b) and (c). Defense counsel's explanation does not make clear which, if any, type of conspiracy to which he refers, but the explanation would seem to apply to both. However, the indictment and stipulation clearly set forth first-degree felony conduct, and Appellant pleaded guilty to the indictment. Further, evidence adduced at sentencing clearly demonstrated that the appellant was aware and agreed that he personally participated in the possession of identifying information and use of that information, as opposed to mere conspiracy. It is possible that the appellant and his attorney understood that some of his behavior constituted engaging in organized crime and some of it constituted conspiracy to engage in organized crime. In any case, this matter is not

sufficiently developed in the record for presentation on appeal. It is unclear what, exactly, trial counsel informed appellant prior to the court appearance and it is unclear what the appellant's understanding of that advice was. The record does establish that, at a minimum, there was some apparent confusion. It is not clear whether there was any actual confusion or that the apparent confusion was confined to defense counsel. Under the circumstances, additional evidence would be required to thoughtfully analyze this issue; accordingly, the issue is not ripe for appeal.

In sum, the record presents no meritorious claims for review.

## VIII. CONCLUSION AND PRAYER

The undersigned has scoured the entire record, researched the law, and exercised professional judgment in consideration of potential claims. In light of the foregoing, the undersigned finds no legally non-frivolous issues and urges that this appeal should be denied, and respectfully requests that he be allowed to withdraw from further representation in this matter.

Respectfully submitted,

/s/ L. Charles van Cleef

_____

L. Charles van Cleef
State Bar No. 00786305

P.O. Box 2432

Longview, Texas 75606-2432
(903) 248-8244 Telephone
(903) 248-8249 Facsimile

COUNSEL FOR APPELLANT

## IX. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded by electronic filing to counsel for Appellee in accordance with TEX. R. APP. P. 9.5(b)(1) on this Wednesday, January 14, 2015.

Further, a true and correct copy of the foregoing instrument has been forwarded by Certified Mail, Return Receipt Requested, to:

BLAKE CARRINGTON GEE, TDCJ NO 01948254
Joe F. Gurney Transfer Facility
1385 FM 3328
Tennessee Colony, TX 75803

on the same date.

/s/ L. Charles van Cleef

_____
L. Charles van Cleef

## I.     CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with Rule 9.4(e) of the Texas Rules of Appellate Procedure. In particular: This document was produced using Microsoft Word 2013 using no smaller than Times New Roman font, 14pt (body) and 12pt (footnotes).

In accordance with Rule 9.4(i)(3), I hereby certify that, exclusive of caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, issues presented, statement of jurisdiction, statement procedural history, signature, proof of service, certification, certificate of compliance, and appendix, this document consists of 3,154 words, relying on the word count function of Microsoft Word 2013.

/s/ L. Charles van Cleef

_____

L. Charles van Cleef